**KENTUCKY BAR ASSOCIATION,**
Appellant,

v.

**Patrick Herman NOBLE, Appellee.**

No. 2003–SC–0613–KB.

Supreme Court of Kentucky.

Oct. 23, 2003.

As Amended Nov. 25, 2003,
and Jan. 8, 2004.

Bruce K. Davis, Executive Director, Linda Gosnell, Bar Counsel, Kentucky Bar Association, Frankfort, Counsel for Appellant.

Patrick Herman Noble, Henderson, Counsel for Appellee.

## OPINION AND ORDER

Patrick Herman Noble, KBA No.87354, of Henderson, Kentucky, was charged by the Kentucky Bar Association (KBA) Inquiry Commission with two separate incidents of misconduct, KBA File 9657 and 9911, alleging four disciplinary violations each. The KBA consolidated both matters for review before this Court. Upon Noble's default, the matter was considered by the Board of Governors (Board) and this review is of its final recommendation.

On February 4, 2003, the KBA alleged that Noble violated: (1) SCR 3.130–1.3 for failing to act with reasonable diligence and promptness in representing a client; (2) SCR 3.130–1.4(a) for failing to keep a client reasonably informed about the status of a matter and promptly complying with reasonable requests for information; (3) SCR 3.130–1.16(d) by failing to adequately protect the interests of his former client after the termination of the attorney-client relationship when he did not promptly return the unearned fee; and (4) SCR 3.130–8.1(b) for having knowingly failed to "respond to a lawful demand for information from an admission or disciplinary authority."

In December of 2001, Noble was hired by Client A to file a bankruptcy petition and she paid $200 upon the fee. The following March, Client A paid Noble $450, the remainder of the fee. Noble neither worked to complete nor filed his client's petition for bankruptcy relief. After two contacts by the client, Noble informed her that he would check on the matter and call her back. Noble did not follow up and did not contact Client A.

On July 3, 2002, Client A contacted Noble with a certified letter requesting a refund of the fee. Noble did not respond after signing for the letter on July 5, 2002. Respondent was served by certified mail with the four count Complaint from Client

A on August 19, 2002 and again by the Sheriff on September 30, 2002. Respondent filed no response to the charges. On October 16, 2002, approximately a month and a half after service of the Complaint, Noble returned his client's fee along with her documents. On February 4, 2003, the Inquiry Commission issued a charge and on February 28, the Respondent was served. No answer was filed and default proceedings were presented to the Board.

On Charges 1 through 3, the Board voted 17–0 for guilt and on Charge 4 voted 16–1 in favor of guilt.

On February 18, 2003, the KBA alleged with respect to Client B that Noble violated: (1) SCR 3.130–1.1 for failing to provide competent representation to a client; (2) SCR 3.130–1.3 for failing to act with reasonable diligence and promptness in representing a client; (3) SCR 3.130–1.4(a) for failing to keep a client reasonably informed about the status of a matter and promptly complying with reasonable requests for information; and (4) SCR 3.130–1.16(d) for "failing to take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned."

Client B hired Noble on January 19, 2001 to file a bankruptcy case. Noble filed the case but without the appropriate paperwork. The Bankruptcy Court dismissed the case on August 14, 2002. Client B repeatedly contacted Noble's office to check on the status of the case, but did not receive any response.

On October 17, 2002, Client B filed a KBA Complaint against Noble. He was served on October 30, 2002 and filed a response admitting the allegations of the Complaint and stating that he was going through a divorce and would consider paying any damages that his client suffered. In his answer filed November 25, 2002, Noble stated that he was no longer accepting bankruptcy clients and that he had taken employment as an assistant County Attorney with no private clients.

The Inquiry Commission issued a four-count charge with respect to Client B on February 15, 2003, which Noble did not answer. In Charges 1 through 4, the Board voted 17–0 for guilt. In a consolidated decision and recommendation concerning both cases, The Board voted 11–6 in favor of a public reprimand and return of fees and costs to Client B. The Board noted that the disputed fees in the first incident were returned.

Noble made no request pursuant to SCR 3.370(8) that this Court review the Board's recommendation, and this Court declines to undertake such review. Consequently, pursuant to SCR 3.370(10), this Court adopts the recommendation of the Board of Governors.

Upon the foregoing facts and charges, it is therefore ordered that:

1. Respondent, Patrick Herman Noble, be and hereby is publicly reprimanded for his violations in KBA File 9657 of SCR 3.130–1.3, SCR 3.130–1.4(a), SCR 3.130–1.16(d), SCR 3.130–8.1(b) and in KBA File 9911 of SCR 3.10–1.1, SCR 3.130–1.3, SCR 3.130–1.4(a), SCR 3.130–1.16(d).

2. Respondent, Patrick Herman Noble, shall return all fees and costs to Client B.

3. Respondent, Patrick Herman Noble, in accordance with SCR 3.450, is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $105.06, and for which execution

may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: October 23, 2003.

/s/ Joseph E. Lambert
  Chief Justice