**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Patrick H. NOBLE, Respondent.**

No. 2004–SC–0317–KB.

Supreme Court of Kentucky.

June 17, 2004.

Reconsider Denied Oct. 21, 2004.

Bruce K. Davis, Executive Director, Kentucky Bar Association, Linda Gosnell, Chief Bar Counsel, Kentucky Bar Association, Frankfort, Counsel for Movant.

Patrick Herman Noble, Henderson, Counsel for Respondent.

**OPINION AND ORDER**

The respondent, Patrick H. Noble, whose bar roster address is 223 First Street, Post Office Box 617, Henderson, Kentucky, 42419, was admitted to the practice of law in this Commonwealth on October 16, 1998. The present action arises from a disciplinary proceeding regarding Noble's representation of a client in a bankruptcy matter. In October of last year, this Court ordered that Noble be publicly reprimanded for professional misconduct stemming from two separate bar complaints concerning his representation of other clients in similar matters. *See Kentucky Bar Ass'n v. Noble,* Ky., 118 S.W.3d 586 (2003).

On June 13, 2003, Larry Heltsley retained Noble to file a bankruptcy petition, for which he paid Noble $400.00. Mr. Heltsley contacted Noble on several occasions by both telephone and electronic mail inquiring about the status of his case. Mr. Heltsley further reminded Noble about his case when he saw Noble at the local courthouse. However, Noble never filed a bankruptcy petition on his client's behalf and otherwise failed to sufficiently communicate with his client. Mr. Heltsley subsequently informed Noble that he no longer desired Noble's legal representation and requested that Noble return his case file and refund the $400.00 fee. Noble, however, neither returned the file nor refunded the fee.

On September 8, 2003, the Inquiry Commission of the Kentucky Bar Association issued a five-count charge against Noble alleging the following: (1) violation of SCR 3.130–1.3 for failing to diligently proceed with the client's bankruptcy matter; (2) violation of SCR 3.130–1.4(a) for failing to adequately communicate with the client;

(3) violation of SCR 3.130–1.15(b) for failing to promptly refund the client his fee; (4) violation of SCR 3.130–1.16(d) for failing to advise the client that he would not be proceeding with the representation, for abandoning the client, and for failing to refund the unearned fee; and (5) violation of SCR 3.130–8.1(b) for failing to respond to the bar complaint. Because Noble failed to respond to the charge, the matter was submitted to the Board of Governors as a default proceeding.

On April 14, 2004, by a unanimous vote, the Board found Noble guilty of all the counts delineated in the charge issued by the Inquiry Commission. The Board now recommends this Court find likewise and recommends that a 181–day suspension from the practice of law be imposed against Noble. As the respondent has failed to file a notice for review pursuant to SCR 3.370(8), we hereby adopt the Board's recommendation.

It is therefore ORDERED that:

1. The respondent, Patrick H. Noble, be, and hereby is, suspended from the practice of law in this Commonwealth for a term of 181 days and shall continue thereafter until the respondent is reinstated to the practice of law by order of this Court pursuant to SCR 3.510.

2. Noble shall return his client's case file and refund the $400.00 fee to his client, Mr. Heltsley.

3. Pursuant to SCR 3.390, Noble shall notify all of his clients and all courts in which he has matters pending of his inability to practice law within ten days from the date of entry of this Opinion and Order, and, furthermore, shall deliver copies of all such letters of notice to the Director of the Kentucky Bar Association. Additionally, Noble shall immediately, to the extent reasonably possible, cancel and cease any advertising activities in which he is engaged.

4. Pursuant to SCR 3.450, Noble is directed to pay all costs associated with this action, said sum being $129.18, for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: June 17, 2004.

/s/ Joseph E. Lambert
CHIEF JUSTICE