**David Caperton TEATER, Movant**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2007–SC–000863–KB.**

Supreme Court of Kentucky.

Jan. 24, 2008.

## ORDER

David Caperton Teater, whose last known address is 102 Iron Liege, Danville, Kentucky 40422, desires to terminate Kentucky Bar Association proceedings against him by consenting to a public reprimand. The KBA has no objection to Teater's request.

### KBA File 14119

In her bar complaint, Rhonda Phillips alleges that she hired Teater to represent her in connection with an automobile accident claim. Phillips settled with the adverse motorist but was trying to make an underinsured motorist claim. About a year later, Phillips called Teater and was told that the underinsured claim would take some time because of the quantity of Phillips' medical records. Approximately three more years passed with no contact between Phillips and Teater. When Phillips finally contacted Teater, he told her that it was too late to file the underinsured claim.

In his motion for a public reprimand, Teater states that he has now refunded to Phillips $700.00 he held in escrow. Furthermore, Teater admits that he did not give Phillips's underinsured motorist claim timely attention. Teater admits that his actions, or inaction, in the course of his representation of Phillips constitute violations of Supreme Court Rules (SCR) 3.130(1.3) (diligence in representing a client) and 3.130(1.4) (keeping a client reasonably informed about the status of a matter). Although Teater's motion for a public reprimand states that a charge against him has been authorized stemming from his representation of Phillips, the record provided to the Court does not contain a formal charge issued by the Inquiry Commission on this matter.

### KBA File 14435

According to the charge issued by the Inquiry Commission, Louise Cox retained Teater to represent her in a personal injury action against Centre College. That claim was settled in mediation for $15,000.00. But Centre's insurance carrier released only $10,000.00 of that settlement, holding the remainder on the condition that Cox provide a letter from Medicare indicating resolution of its subrogation claim. Teater kept $5,000.00 of the $10,000.00 as his fee, paid the mediator's approximately $400.00 fee, and distributed the balance, approximately $4,600.00, to Cox. Teater agreed to negotiate Medicare's lien as part of his representation of Cox but failed to do so. Teater took no action on Cox's behalf from September 2005 until February 2007. During that time, Teater failed to return Cox's phone calls or emails and, likewise, failed to honor Cox's request for a copy of her file. Cox then filed a bar complaint against Teater. Surprisingly, Cox then agreed that Teater could continue to represent her if he would contact her immediately and finish the case within thirty days. Unfortunately, Teater did not contact Cox during that thirty-day grace period.

The Inquiry Commission issued a three-count charge against Teater stemming from his representation of Cox. Count one charged Teater with violating SCR 3.130(1.3) when he failed to act promptly to resolve Medicare's lien or to disburse the

remainder of the settlement to Cox. Count two charged Teater with violating SCR 3.130(1.4) by failing to respond to Cox's inquiries about the status of her case. Count three charged Teater with violating SCR 3.130(1.16(d)) by abandoning Cox's case without providing adequate notice to her, failing to return her client file to her upon termination of his representation, and failing to return the unearned portion of his fee payment.

In his motion for a public reprimand, Teater contends that he eventually returned Cox's file to her and refunded $2,500.00 of his $5,000.00 fee. Teater admits that he is guilty of the charges issued by the Inquiry Commission. Teater also states that he is no longer practicing law due to health concerns and is currently working to obtain his master's degree and teaching certificate.

The KBA states that it has no objection to Teater's motion for a public reprimand. However, the KBA also acknowledges that Teater has received two private reprimands for similar past misconduct.

We are troubled by Teater's repeated failure properly and zealously to represent and communicate with his clients. Based on Teater's unfortunate pattern of misconduct, including the seeming inefficacy of the two earlier private reprimands, one could convincingly argue that Teater's current misconduct warrants imposition of sanctions greater than a public reprimand. But Teater has acknowledged his misconduct and has taken steps to rectify matters with his former clients. Our precedent supports the issuance of a public reprimand for similar acts of professional misconduct.[1] And the KBA has agreed to Teater's motion for the imposition of a public reprimand. So we will grant Teater's motion. Based upon the foregoing, we order that:

1) David Caperton Teater, is hereby publicly reprimanded for unprofessional conduct; and

2) Under SCR 3.450, Teater is directed to pay all costs associated with these disciplinary proceedings against him, which is $116.98, and for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. LAMBERT, C.J.; ABRAMSON, CUNNINGHAM, MINTON, NOBLE, and SCOTT, JJ., concur.

SCHRODER, J., dissents.

ENTERED: January 24, 2008.

/s/ Joseph E. Lambert
CHIEF JUSTICE

---

1. *See, e.g., Kentucky Bar Association v. Noble,* 118 S.W.3d 586 (Ky.2003) (publicly reprimanding attorney for failing properly to communicate with clients; for failing timely to file a bankruptcy petition; for failing to file proper paperwork in furtherance of another client's bankruptcy petition, which caused the petition to be dismissed; and for failing to protect client's interests on termination); *Kentucky Bar Association v. Howard,* 899 S.W.2d 91 (Ky.1995) (adopting Board of Bar Governors' recommendation of a public reprimand by an evenly divided court (three members of the Court voted to issue a private reprimand) where attorney did not diligently pursue client's case for four years after filing suit and where attorney had received one prior private admonition).