TO BE PUBLISHED

# $\mathfrak{Supreme}$ $\mathfrak{Court}$ $\mathfrak{of}$ $\mathfrak{Kentucky}$ FINAL

2019-SC-000069-KB

DATE 3|26|19 Kim Redmon, DC

BRYAN EDWARD BENNETT[1]            MOVANT

V.            IN SUPREME COURT

KENTUCKY BAR ASSOCIATION            RESPONDENT

## OPINION AND ORDER

Bryan Edward Bennett[1] has moved this Court to impose a public reprimand, subject to conditions, for violations of Supreme Court Rules ("SCR") 3.130(1.3),[2] 3.130(1.4)(b),[3] and 3.130(1.16)(d),[4] as charged by the Inquiry Commission. The Kentucky Bar Association ("KBA") make no objection because the parties have agreed to a negotiated sanction under SCR 3.480(2) to resolve this matter. Finding the agreed-to sanction appropriate, this Court hereby

---

[1] KBA Member No. 87888; Bar Roster Address 1410 Versailles Road, Lexington, Kentucky 40504.

[2] "A lawyer shall act with reasonable diligence and promptness in representing a client."

[3] "A lawyer shall explain a matter to the extent reasonably necessary to permit a client to make informed decisions regarding the representation."

[4] "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred."

ORDERS Bennett to be publicly reprimanded for the violations he committed, subject to the conditions specified in this Opinion and Order.

In the spring of 2016, Carlos Adiel-Apolinar retained Bennett to represent him in his Immigration and Customs Enforcement ("ICE") proceedings, paying him $2,000. Bennett told Adiel-Apolinar that he would file the necessary pleadings and a motion to transfer venue to the Louisville Hearing Room of the Memphis Immigration Court so that Adiel-Apolinar would not have to appear for a June 15 hearing scheduled to take place in Chicago, Illinois. Adiel-Apolinar relied on what Bennett told him and did not go to the hearing in Chicago. Bennett completely forgot about the hearing, however, and did not take any steps to seek transfer of it. Having failed to show up to the hearing, the Immigration Judge ordered Adiel-Apolinar removed in absentia.

Adiel-Apolinar having posted bond, his bond obligor was served a notice to deliver him to the ICE Chicago Field Office on July 21, 2016, for removal. When Adiel-Apolinar notified Bennett of this development, Bennett replied that he had forgotten about the court date and was going to file a motion to reopen the case. Bennett did file a motion to reopen removal proceedings on July 11, 2016. The Immigration Court denied the motion for several reasons, including that it did not contain an affidavit or any other supporting documentation.

Bennett filed a second motion to reopen on October 16, 2016. That motion included Adiel-Apolinar's affidavit, which Adiel-Apolinar signed even though it was written in English and he did not understand it. Several weeks

later, the Immigration Court denied the second motion to reopen for several reasons, including that it was not timely filed.

Bennett told Adiel-Apolinar he would have to file an appeal but did not adequately explain to him why. On December 1, 2016, Bennett filed an appeal with the Board of Immigration Appeals ("BIA") seeking to overturn the Immigration Judge's Order of Removal and reopen the immigration case. Bennett received a briefing schedule from the BIA notifying him that his brief was due January 9, 2017. Bennett failed to calendar the due date for the brief and never filed one.

On February 28, 2017, the BIA entered an order affirming the lower court's Order of Removal. Adiel-Apolinar was notified by mail that his appeal had been denied because no brief had been filed. Adiel-Apolinar had been consulting another attorney, with Bennett's knowledge and cooperation, since mid-2016. That attorney explained to Adiel-Apolinar what had happened in his case, and in March of 2017, Adiel-Apolinar terminated Bennett's representation. Bennett finally refunded the entire $2,000 fee on October 8, 2018.

On September 17, 2018, the Inquiry Commission filed a three-count Charge against Bennett, asserting violations of SCR 3.130(1.3), 3.130(1.4)(b), and 3.130(1.16)(d), all to which Bennett has admitted his guilt. Bennett and the KBA now request this Court to adopt the recommended discipline of a public reprimand, subject to specified conditions.

3

Bennett has been publicly reprimanded by this Court before. In *Bennett v. Kentucky Bar Ass'n*, the client, Ortencia Quintara Orozco, retained Bennett to assist her in obtaining an adjustment of her immigration status.[5] Because of Bennett's incompetence in the field of immigration law, however, Orozco's application was rejected.[6] Orozco then attempted to discuss the matter with Bennett, but he never spoke with her.[7]

Just as in the case at hand, Bennett admitted his guilt and negotiated a sanction with the Office of Bar Counsel under SCR 3.480.[8] Bennett received only a public reprimand and was ordered to pay all costs associated with his disciplinary proceedings.[9]

The KBA considers the recommended discipline in this case appropriate because it involves some of the same rule violations as Bennett's earlier disciplinary case. Moreover, Bennett's conduct in this case appears to have occurred somewhat contemporaneously with his conduct in his earlier disciplinary case and while it was pending.

Bennett's incompetent representation put Adiel-Apolinar at risk of removal from this country. And, while it can be said that inexperience in the field of immigration law led to *some* of the issues arising in his representation of Orozco and Adiel-Apolinar, such inexperience cannot be said to be the sole

---

[5] 526 S.W.3d 87, 88 (Ky. 2017).

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

cause of the issues arising in both cases. For example, it does not take an expert in the field of immigration law to adhere to briefing deadlines—Bennett's failure to file a brief in Adiel-Apolinar's appeal had nothing to do with his inexperience as an immigration-law attorney because he received a briefing schedule from the BIA and failed to calendar the due date.

Nevertheless, this Court finds the agreed-to sanction appropriate in this case. The KBA attempts to analogize Bennett's case with prior cases from this Court, all of which we find inapposite. Instead, we find our sentiment in *Teater v. Kentucky Bar Ass'n* to be the most applicable in this case:

> We are troubled by Teater's repeated failure properly and zealously to represent and communicate with his clients. Based on Teater's unfortunate pattern of misconduct, including the seeming inefficacy of the two earlier private reprimands, one could convincingly argue that Teater's current misconduct warrants imposition of sanctions greater than a public reprimand. But Teater has acknowledged his misconduct and has taken steps to rectify matters with his former clients. Our precedent supports the issuance of a public reprimand for similar acts of professional misconduct. And the KBA has agreed to Teater's motion for the imposition of a public reprimand. So we will grant Teater's motion.[10]

Bennett has admitted his guilt. His inadequate representation of Adiel-Apolinar included the missing of court dates, which Bennett attempted to remedy by filing motions asking the lower court for relief. Bennett's inadequate representation additionally did somewhat involve inexperience with immigration law, which also contributed to his prior disciplinary proceeding, the conduct in both instances having apparently overlapped. Unlike in

---

[10] 243 S.W.3d 349, 351 (Ky. 2008) (internal citations omitted).

Bennett's earlier disciplinary case, Bennett will undergo CLE training on immigration law. Moreover, Bennett has not exhibited the same pattern of misconduct to the extent that Teater did, which included four instances of failing properly and zealously to represent and communicate with clients, and for which this Court determined a public reprimand to be appropriate.[11] Finally, the KBA offers no objection to the proposed discipline.

As such, the Court having considered the motion, and, being otherwise fully and sufficiently advised, GRANTS the motion and ORDERS that:

1. Bryan Edward Bennett is publicly reprimanded for unethical conduct.

2. Within one year of the date of this Court's order, Bennett must complete, at his own expense, and separate and apart from his fulfillment of any other continuing legal education requirement, four hours of remedial education in immigration law. To satisfy this remedial education requirement, Bennett must personally attend a live continuing education program approved by the KBA's Office of Bar Counsel. Bennett must not apply for CLE credit of any kind for these remedial hours. Bennett must furnish a release and waiver to the Office of Bar Counsel to review his records in the CLE Department that might otherwise be confidential, with such release to continue in effect for one year after completion of the remedial education to allow the

---

[11] *Id.* at 350-51.

Office of Bar Counsel to verify he has not reported to the CLE Commission the hours he has taken as remedial education.

3. If Bennett fails to comply with any of the terms of discipline set forth herein, the Office of Bar Counsel may so advise the Inquiry Commission, which may result in further disciplinary charges against Bennett.

4. Under SCR 3.450, Bennett must pay the costs of this proceeding.

Minton, C.J.; Hughes, Keller, Lambert, VanMeter and Wright, JJ., sitting. All concur.

ENTERED: March 14, 2019.

_____
CHIEF JUSTICE

7