Paul Henry RILEY, Jr., Movant

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 2008-SC-000554-KB.

Supreme Court of Kentucky.

Sept. 18, 2008.

## OPINION AND ORDER

Movant, Paul Henry Riley, Jr., KBA Member No. 84816, moves the Court to impose the sanction of public reprimand with conditions, pursuant to SCR 3.480(2) for his violation of SCR 3.130–1.3–1.4(a) and –1.16(d). The Kentucky Bar Association expresses no objections to Riley's motion. Accordingly, finding public reprimand an appropriate discipline for Movant's violations, we hereby impose such sanction for the reasons set forth below.

Riley was admitted to the practice of law on October 22, 1993, and maintains a bar roster address of P.O. Box 991321, Louisville, Kentucky 40269. In April 2005, Riley began representing Tammy Palte in an uncontested divorce proceeding in Jefferson County. During the period of April to June 2005, Palte paid Riley $250.00 in the form of five payments of fifty dollars each. Thereafter, Palte paid Riley an additional $371.00, which included $171.00 in court filing fees. In sum, Riley was paid $621.00 to perform Palte's uncontested divorce.

■ Riley, however, admits that he violated SCR 3.130–1.3 and failed to "act with reasonable diligence and promptness in representing [his] client." Likewise, Riley admits to violating SCR 3.130–1.4(a) in neglecting to "keep [his] client reasonably informed about the status of a matter and

promptly comply with reasonable requests for information." According to Palte, she repeatedly attempted to contact Riley by mail, telephone and hand-delivered letters to his office to inquire as to the progress of her divorce. However, she was unable to contact Riley because he had closed his office without notifying her and would not return her calls. Riley admits to violating SCR 3.130–1.16(d), which states that, "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel ... and refunding any advance payment of the fee that has not been earned." Riley concedes that he failed to take these necessary actions.

On June 2, 2006, Palte filed a complaint with the KBA. Subsequent investigation revealed that Riley was no longer reachable at his bar roster phone number. Additionally, Palte continued to try to contact Riley. Riley contends that he did not communicate with Palte during this period because of the pending complaint. Riley also alleges that during the time of representation he suffered from various medical conditions including walking pneumonia, ear infection, anxiety and depression. Riley claims that he eventually contacted Palte on September 25, 2006, and offered to either continue to represent her in the divorce or refund her money. Palte denies that Riley ever contacted her, and no money has been refunded.

The divorce pleadings were prepared in November 2006, and signed by either Palte or her husband. However, Riley failed to file the pleadings until May 2007. Palte eventually completed her divorce *pro se* in April 2008.

■ Riley received previous discipline in the form of private admonishment by the KBA Inquiry Commission in December 2006, for failure to diligently pursue a client's appeal and failure to promptly return the file after the client terminated him. Thus, after reviewing Movant's file and receiving the recommendations of the KBA, we now order that the motion for public reprimand with conditions be granted. *See Richards v. Kentucky Bar Association*, 181 S.W.3d 556 (Ky.2005) (holding public reprimand and nine hours remedial ethics education were warranted when attorney accepted $500 from clients to represent them but failed to timely pursue their claim and after withdrawing from representation failed to return retainer for three years); *Kentucky Bar Association v. Nesbitt*, 189 S.W.3d 144 (Ky.2006); *Kentucky Bar Association v. Noble*, 118 S.W.3d 586 (Ky.2003);

Thus, it is ORDERED that:

1. Movant, Paul Henry Riley, Jr., KBA Member No. 84816, will reimburse Tammy Palte the sum of $250.00, within thirty (30) days of the entry of this order for unearned fees in her divorce.

2. Movant will attend the entire KBA Ethics and Professional Enhancement Program (EPEP), anticipated at seven (7) hours in duration, within one year of this order of public reprimand, for purposes of remedial education regarding Movant's ethical obligations.

3. Movant will not apply for CLE credit of any kind associated for his attendance at EPEP. Moreover, Movant will furnish a release and waiver to the Office of Bar Counsel (OBC) to review his records of the CLE Department that might otherwise be confidential, such release to continue in effect until after he completes remedial education so OBC may verify that he has not reported any hours to the CLE Commission taken as remedial education.

4. If Movant fails to comply with any of the terms of discipline as set forth herein,

including failure to attend EPEP, the public reprimand may become a thirty (30) day suspension from the practice of law, upon application of the OBC to this Court.

5. In accordance with SCR 3.450, Movant is directed to pay all costs in the amount of $168.56 for which execution may issue from this Court upon finality of this order.

All sitting. All concur.

ENTERED: September 18, 2008.

/s/ John D. Minton, Jr.

Chief Justice