**Daniel Louis THOMPSON, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2011–SC–000734–KB.**

Supreme Court of Kentucky.

Feb. 23, 2012.

## OPINION AND ORDER

Daniel L. Thompson moves this Court to issue a public Opinion and Order imposing a sixty-one day suspension, thirty-one days of which will be probated for two years provided Thompson complies with several conditions. The Kentucky Bar Association (KBA) has no objection to this negotiated discipline. Finding a sixty-one day suspension appropriate, we grant Thompson's motion. Thompson, whose KBA member number is 90712 and whose last known bar roster address is 421 Redding Road, # 55, Lexington, Kentucky 40517, was admitted to the practice of law in the Commonwealth of Kentucky on May 2, 2005.

### KBA File 18908

In October 2009, Mr. and Mrs. Callahan paid Thompson $5,000.00 to represent their son, Garrett Callahan, in his appeal to the Kentucky Supreme Court following Callahan's conviction in Clark County Circuit Court. Thompson conducted some preliminary work in the case but, due to an intervening hospitalization, he was unable to timely submit his appellate brief to this Court. Thompson neither properly notified Callahan that he failed to submit the brief, withdrew from representation, nor returned Callahan's file or the unearned portion of his fee after Callahan terminated representation and obtained new counsel.

On March 4, 2011, the Inquiry. Commission (Commission) issued a four-count charge against Thompson, alleging Thompson violated (1) Supreme Court Rule (SCR) 3.130(1.15)(a) (safekeeping property) for failing to keep separate the money paid him by Callahan; (2) SCR 3.130(1.15)(e) (safekeeping property) for failing to deposit the unearned portion of the fee in a client trust account; (3) SCR 3.130(1.16)(a)(2) (terminating representation) for failing to withdraw from representation when he realized he would be unable to timely file Callahan's brief; and (4) SCR 3.130(1.16)(d) (terminating representation) for not returning Callahan's file, for keeping the unearned portion of his fee and for failing to protect Callahan's interest. Thompson admits he violated the rules as charged.

### KBA File 18915

In September 2009, Thompson accepted $1,500.00 to represent Lynn Reynolds in her criminal case in Montgomery County Circuit Court. As in the prior matter, Thompson conducted preliminary work in the case but intervening events impeded his ability to continue his representation of Reynolds. Thompson entered his appearance in Reynolds's case in September 2009 and he, Reynolds, and Reynolds's mother (Ms. Reynolds) appeared in court on March 26, 2010, at which time the court set trial for September 27–28, 2010 and a status conference for August 27, 2010. Reynolds and her mother were unable to reach Thompson after this March appearance.

On June 1, 2010, Thompson was arrested on an outstanding warrant based on his

failure to comply with a court order concerning the custody of his child. Thompson was held in contempt and sentenced to serve six months in jail but received shock probation on June 25, at which time he sought treatment for substance abuse. Ms. Reynolds wrote to Thompson while he was in jail, requesting advice on how to proceed with her daughter's case, but Thompson did not respond. On June 30, Ms. Reynolds sent Thompson a certified letter terminating representation and requesting a refund but the letter was returned unclaimed. Thompson did appear at the August 27 status conference, but by that time a public defender had been assigned to the case. On September 9, Ms. Reynolds again sent Thompson the termination letter, which he signed and returned along with an apology letter and an offer to continue representing Reynolds. Thompson also informed the Reynoldses that he possessed a signed plea offer from the Commonwealth of two years with recommended diversion; it appears Thompson possessed this deal for some time but never conveyed it to Reynolds. Ms. Reynolds did not respond to Thompson's letter and Thompson did no further work in the case.

On March 4, 2011, the Commission issued a four-count charge, alleging Thompson violated (1) SCR 3.130(1.3) (diligence) for failing to appear at scheduled court dates, to inform Reynolds of the plea offer and to adequately represent his client; (2) and (3) SCR 3.130(1.4)(a) and 3.130(1.4)(b) (communication) for failing to communicate with Reynolds regarding the plea deal, to respond to her letter while in jail, and to communicate with Reynolds after his release; and (4) SCR 3.130(1.16)(d) (terminating representation) for failing to notify Reynolds that he was unable to further represent her and for failing to return the unearned portion of his fee. Thompson admits he violated the rules as charged.

Thompson and the KBA negotiated a sanction and now move the Court to issue a public Opinion and Order suspending Thompson for sixty-one days, thirty-one of which will be probated for two years provided Thompson (1) returns $4,000.00 to Mrs. Callahan prior to the expiration of the two-year probation period, $2,000.00 of which must be paid within one year of the Court's Order herein; (2) returns $750.00 to Ms. Reynolds prior to the expiration of the two-year probation period, $375.00 of which must be paid within one year of the Court's Order herein; (3) contacts the Kentucky Lawyers Assistance Program (KYLAP) and complies with any direction for treatment or counseling; and (4) attends, at his expense, and successfully completes the KBA Ethics and Professional Enhancement Program (EPEP) within one year of the date of this Opinion and Order. Thompson will not apply for CLE credit of any kind for attendance at the EPEP and must furnish a release and waiver to the Office of Bar Counsel to review his records with the CLE Commission for one year from the completion of said EPEP to verify he has not reported any hours to the CLE Commission based on his EPEP attendance. Thompson understands that, should he fail to comply with any of these conditions, the KBA will request the Court impose the probated thirty-one days of suspension.

Upon review of the facts in this case and relevant case law, we find the proposed discipline is appropriate. Thompson's disciplinary history consists solely of a private admonition issued by the Commission on July 11, 2011, for violating SCR 3.130(3.4)(c) (knowingly disobeying an obligation Under the rules of a tribunal) by failing to comply with the court's orders in his child custody matter. Further, this Court has previously issued similar discipline in comparable cases. *See, e.g., Ken-*

*tucky Bar Ass'n v. Justice*, 198 S.W.3d 583 (Ky.2006) (suspending attorney with four prior private reprimands for thirty days for failing to prosecute client's case, communicate with client, keep funds separate, and return unearned fee).

Accordingly, it is hereby ORDERED,

1. Daniel L. Thompson is suspended from the practice of law in the Commonwealth of Kentucky for sixty-one days, thirty-one days of which are probated for two years, provided Thompson complies with the following conditions:

a. Thompson must return $4,000.00 to Mrs. Nancy Callahan prior to the expiration of the two-year probation period, which will commence with the entry of this Order, and at least $2,000.00 must be paid within one year of the Court's Order herein;

b. Thompson must return $750.00 to Ms. Reynolds prior to the expiration of the two-year probation period, which will commence with the entry of this Order, and at least $375.00 must be paid within one year of the Court's Order herein;

c. Thompson must contact the Kentucky Lawyers Assistance Program (KYLAP) and comply with any direction for treatment or counseling; and

d. Thompson must, at his expense, attend and successfully complete the KBA Ethics and Professional Enhancement Program (EPEP) within one year of the date of this Opinion and Order. Thompson will not apply for CLE credit of any kind for attendance at the EPEP and must furnish a release and waiver to the Office of Bar Counsel to review his records with the CLE Commission for one year from the completion of said EPEP to verify that he has not reported any hours to the CLE Commission based on his EPEP attendance.

2. Pursuant to SCR 3.450, Thompson is directed to pay all costs associated with these disciplinary proceedings, in the amount of $67.55, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: February 23, 2012.

/s/ John D. Minton, Jr.
    Chief Justice