Steven A. WIDES, Movant,

v.

KENTUCKY BAR ASSOCIATION,
Respondent.

No. 2012–SC–000574–KB.

Supreme Court of Kentucky.

Oct. 25, 2012.

## OPINION AND ORDER

Steven A. Wides, KBA No. 76820,[1] moves this Court to impose upon him the sanction of a Public Reprimand. This sanction would be conditioned upon attending the next scheduled Ethics and Professionalism Enhancement Program offered by the Office of Bar Counsel, and not receiving any new charges of unethical conduct from the Inquiry Commission for one year from this Court's Opinion and Order. The Kentucky Bar Association (KBA) has no objection, as the parties have agreed to this negotiated sanction pursuant to SCR 3.480(2).

## I. BACKGROUND

On September 1, 2009, Leon Byram paid Wides a $1,500 retainer to assist him in joining a lawsuit against Shaw Industries, Inc. Mr. Byram thereafter tried on numerous occasions to contact Wides but received no response.

Wides was served with a Bar Complaint by the Fayette County Sheriff's Office on March 31, 2011. With the Complaint, Wides received a letter from the Disciplinary Clerk advising him that the Inquiry Commission required additional information from him regarding the Complaint. The letter further advised him that failure to respond to the Complaint could result in an additional charge of misconduct pursuant to SCR 3.130–8.1.

When Wides failed to respond to the Bar Complaint, he was served with a re-

---

1. Wides was admitted to practice law in the Commonwealth of Kentucky on October 22, 1980. His bar roster address is 107 Church St., Ste. 200, Lexington, KY 40507.

minder letter and a second copy of the Complaint by the Fayette County Sheriff's Office on May 5, 2011. The letter advised that no response had been received and, pursuant to SCR 3.130–8.1(b), failure to respond within seven days could subject him to an additional charge by the Inquiry Commission. Wides again failed to respond to the Bar Complaint.

The Inquiry Commission subsequently charged Wides with violating SCR 3.130–1.3 by failing to diligently perform the services for which he was retained;[2] SCR 3.130–1.4(a)(4) by failing to respond to his client's requests for information;[3] SCR 3.130–1.16(d) by abandoning his client, failing to properly terminate the representation, and failing to return any unearned fee;[4] and SCR 3.130–8.1(b) by failing to respond to the Bar Complaint.[5]

After the Charge was issued by the Inquiry Commission, Wides refunded the $1,500 to Byram.

## II. NEGOTIATED SANCTION

Wides admits that his conduct in this matter constitutes violations of Kentucky's Rules of Professional Conduct, as charged in KBA File 19565 and recited above. He now requests that this Court impose the sanction of Public Reprimand upon the following conditions:

(1) Wides will attend, at his expense, the next scheduled Ethics and Professionalism Enhancement Program (EPEP) offered by the Office of Bar Counsel, separate and apart from his fulfillment of any continuing legal education (CLE) requirement, within twelve months after entry of this Court's order approving his motion. He will complete the program and successfully pass the test given at its conclusion.

(2) Wides will not apply for CLE credit of any kind for his attendance at the EPEP.

(3) Wides will furnish a release and waiver to the Office of Bar Counsel to review his records of the CLE Department that might otherwise be confidential, such release to continue in effect until after he completes his remedial education in order to allow the Office of Bar Counsel to verify that he has not reported any hours to the CLE Commission that are to be taken as remedial education.

(4) Wides understands that a condition to the Public Reprimand is that he will not receive any new charges of unethical conduct from the Inquiry Commission for one year from this Court's Order in this matter.

(5) If Wides fails to comply with any of the terms of discipline as set forth herein, including failure to attend the EPEP offered by the Office of

2. SCR 3.130–1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

3. SCR 3.130–1.4(a)(4) provides: "A lawyer shall promptly comply with reasonable requests for information[.]"

4. SCR 3.130–1.16(d) provides: "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law."

5. SCR 3.130–8.1(b) provides, in relevant part: "[A] lawyer ... in connection with a disciplinary matter, shall not ... knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority...."

Bar Counsel, and including the issuance of disciplinary charges from the Inquiry Commission, the Public Reprimand shall become a thirty-day suspension upon application of the Office of Bar Counsel to the Court.

In response, the KBA contends that the requested discipline is appropriate and supported by Kentucky case law. For example, in *Kentucky Bar Association v. Quesinberry,* an attorney failed to file a brief and her clients' appeal was dismissed. 203 S.W.3d 137, 138 (Ky.2006). She thereafter did not adequately communicate with her clients regarding the status of their appeal and failed to respond to their requests for information. *Id.* The attorney was found guilty of violating SCR 3.130–1.3 (diligence);[6] SCR 3.130–1.4(a) (communication);[7] and SCR 3.130–3.4(c) (disobeying obligations to a tribunal).[8] *Id.* The attorney, who had previously received a private reprimand, received a thirty-day suspension, probated one year, with a condition of probation being remedial ethics education.

Additionally, in *Riley v. Kentucky Bar Association,* an attorney received a public reprimand, with conditions, for his violations of SCR 3.130–1.3 (diligence),[9] –1.4(a) (communication),[10] and –1.16(d) (terminating representation).[11] 262 S.W.3d 203, 204–05 (Ky.2008). The attorney had been retained by a client to file an uncontested divorce proceeding, but failed to diligently proceed with her matter and failed to adequately comply with her reasonable requests for information regarding the status of her case. *Id.* at 203–04. The attorney agreed to refund a portion of the fee to the client and agreed to complete the EPEP within one year of this Court's Order. *Id.* at 204.

## III. DISCIPLINE

Agreeing that the negotiated sanction proposed in Wides's motion is appropriate, it is ORDERED that:

1. Steven A. Wides is adjudged guilty of violating SCR 3.130–1.3, – 1.4(a)(4), –1.16(d), and –8.1(b).

2. He shall therefore receive a public reprimand for his professional misconduct, subject to the following conditions:

(a) Wides will attend, at his expense, the next scheduled Ethics and Professionalism Enhancement Program (EPEP) offered by the Office of Bar Counsel, separate and apart from his fulfillment of any CLE requirement, within twelve months from entry of this Order. He will complete the program and successfully pass the test given at its conclusion. He will not apply for CLE credit of any kind for his attendance at the EPEP. He will furnish a release and waiver to the Office of Bar Counsel to review his records of the CLE Department that might otherwise be confidential, such release to continue in effect until after he completes his remedial education in order to allow the Office of Bar Counsel to verify that he has not

---

**6.** *See supra* note 2.

**7.** *See supra* note 3.

**8.** SCR 3.130–3.4(c) provides: "A lawyer shall not knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists[.]"

**9.** *See supra* note 2.

**10.** *See supra* note 3.

**11.** *See supra* note 4.

reported any hours to the CLE Commission that are to be taken as remedial education.

(b) Wides will not receive any new charges of unethical conduct from the Inquiry Commission for one year from this Order.

(c) If Wides fails to comply with any of the terms of discipline as set forth herein, the Public Reprimand shall become a thirty-day suspension upon application of the Office of Bar Counsel to this Court.

3. In accordance with SCR 3.450, Wides shall pay all costs associated with these proceedings, said sum being $145.14, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: October 25, 2012.

/s/ John D. Minton, Jr.
    Chief Justice