Astrida L. LEMKINS, Movant

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 2013–SC–000703–KB.

Supreme Court of Kentucky.

Nov. 21, 2013.

## OPINION AND ORDER

Astrida L. Lemkins, KBA No. 89892, was admitted to the practice of law in the Commonwealth of Kentucky on October 17, 2003, and her bar roster address is listed as 402 Hilo Drive, Apt. C, Charlotte, NC 28206. She moves this Court to impose the sanction of public reprimand for her violations of SCR 3.130–1.4(a)(3), SCR 3.130–1.4(a)(4) and SCR 3.130–1.6(d). The Kentucky Bar Association has no objection, as the parties have agreed to a negotiated sanction pursuant to SCR 3.480(2).

In October 2009, Jess and Marcia Lane retained Donald Morehead to represent them in a medical malpractice action. Lemkins assisted Morehead in obtaining Mr. Lane's medical records. In August 2010, Morehead filed suit on Mr. Lane's behalf in Christian Circuit Court.

However, in March 2011, Morehead was suspended from the practice of law for nonpayment of dues, and thus, was unable to continue his representation of Mr. Lane.[1] In April 2011, Lemkins contacted the Lanes and agreed to represent them in their upcoming depositions. She also informed them that she would represent them in their malpractice action for a one-third contingency fee.

The depositions took place in Hopkinsville, and Lemkins attended them by phone. After the depositions, Lemkins decided not to represent the Lanes, and therefore, did not send them a contingency fee agreement to sign. Lemkins did not inform the Lanes that she had opted not to represent them, nor did she return any of the medical records or files pertaining to their case. The Lanes attempted on several occasions to contact Lemkins regarding their case, but she would not return their phone calls.

The defendant in the malpractice action filed a motion for summary judgment, listing both Morehead and Lemkins on the certificate of service. Lemkins did not inform the Lanes that the motion had been filed, nor did she inform them when the motion was granted in October 2011. The Lanes did not learn that the motion had been granted until some four months later.

On December 18, 2012, a three-count charge was filed against Lemkins: (1) Count I charges Lemkins with violating SCR 3.130–1.4(a)(3),[2] (2) Count II charges Lemkins with violating SCR 3.130–1.4(a)(4),[3] and (3) Count III charges Lemkins with violating SCR 3.130–1.16(d).[4]

---

1. Morehead was never restored to the practice of law, and was permanently disbarred in April 2013.

2. SCR 3.130–1.4(a)(3) provides that "[a] lawyer shall ... keep the client reasonably informed about the status of the matter." Lemkins admits she violated this rule by failing to notify the Lanes that she was not going to represent them and by failing to inform them that a motion for summary judgment had been filed against them.

3. SCR 3.130–1.4(a)(4) provides that "[a] lawyer shall ... promptly comply with reasonable requests for information." Lemkins admits she violated this rule by failing to respond to the Lanes' request for information.

4. SCR 3.130–1.16(d) provides in pertinent part that "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of

Lemkins acknowledges that she engaged in the misconduct in violation of the Rules, of Professional Conduct as set forth above and agrees to the imposition of discipline for her violations.

 In light of her admissions, Lemkins and the KBA have agreed to a negotiated sanction pursuant to SCR 3.480(2) which would impose a public reprimand. *Wides v. Kentucky Bar Ass'n*, 381 S.W.3d 312 (Ky.2012) (Wides received a public reprimand for failing to diligently represent his client, respond to requests for information, and failing to properly terminate representation which included failure to return an unearned fee); *Riley v. Kentucky Bar Ass'n*, 262 S.W.3d 203 (Ky.2008) (Riley received a public reprimand for failure to communicate with client, inappropriately terminating representation, and failing to act with reasonable diligence). Agreeing that the negotiated sanction proposed in Lemkins's motion is appropriate, it is ORDERED that:

1. Movant, Astrida L. Lemkins, is found guilty of the above-described and admitted violations of the Rules of Professional Conduct and is publicly reprimanded for those violations.

2. In accordance with SCR 3.450, Lemkins is directed to pay all costs associated with these disciplinary proceedings against her, said sum being $174.15, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: November 21, 2013.

/s/ John D. Minton, Jr.

other counsel, [and] surrendering papers and property to which the client is entitled...." Lemkins admits she violated this rule by not informing the Lanes that she was not going to

Chief Justice

represent them, not withdrawing from the representation and not returning the medical records and any other materials to which the Lanes were entitled.