CORRECTED: FEBRUARY 20, 2018
**TO BE PUBLISHED**

Supreme Court of Kentucky FINAL

2017-SC-000579-KB   DATE 2/27/18 Kim Redman, DC

KENTUCKY BAR ASSOCIATION                                    MOVANT

V.                        IN SUPREME COURT

DANIEL ALAN NIEHAUS                                        RESPONDENT

### OPINION AND ORDER

This matter came before the Board of Governors of the Kentucky Bar

Association as a default case under Supreme Court Rule (SCR) 3.210 after

Daniel Alan Niehaus[1] failed to respond to a charge of three separate violations

of the Kentucky Rules of Professional Conduct. The Board found Niehaus guilty

---

[1] Daniel Alan Niehaus, KBA Member No. 94639, was admitted to the practice of law in the Commonwealth of Kentucky on January 19, 2012, and his bar roster address is 5294 Madison Pike, #201, Independence, Kentucky 41051. Niehaus has no prior disciplinary history. However, on January 20, 2017, the Board of Governors voted to suspend Niehaus for failure to pay bar dues and for non-compliance with his continuing education requirements.

of violating all three rules, SCR 3.130(1.3)[2], (1.4)(a)(3)[3], and (1.16)(d)[4], and recommended a 181-day suspension, to be served consecutively with any pending discipline, a $2,500 payment in restitution to his client, and payment of the costs of the proceeding, $1,857.36, as required by SCR 3.450. We adopt the Board's recommendation and issue the recommended discipline.

## I. FACTUAL AND PROCEDURAL HISTORY.

Niehaus agreed to represent Owen Burns in a post-divorce action regarding child custody and child support. Niehaus charged a $2,500 retainer, which Burns paid with a credit card. Four days later, Niehaus contacted Burns, claiming that Niehaus had to "re-run" Burns's credit card because the charge failed to process. However, the first charge had processed, meaning that Burns had now paid Niehaus an additional $2,500.

Three days later, Burns alerted Niehaus to the double charge. After repeated inquiries by Burns, repeated false assurances from Niehaus, and a bounced check for $2,500 given by Niehaus, Burns finally received the extra $2,500 on January 22, 2016, three months after the initial double charge.

---

[2] "A lawyer shall act with reasonable diligence and promptness in representing a client."

[3] "A lawyer shall: …keep the client reasonably informed about the status of the matter."

[4] "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law."

2

During the pendency of Burns's case, Niehaus failed to respond to opposing counsel's discovery requests that were due mid-November of 2015, despite having presented Burns with opposing counsel's discovery requests and receiving the requested information from Burns sufficiently in advance of the deadline to achieve timely production. On November 24, 2015, Burns sent Niehaus a letter stating that the court had set a March 21, 2016, hearing date on Burns's case, attached copies of what purported to be the discovery responses to opposing counsel signed by Niehaus, and attached a Motion for Child Support purportedly filed on Burns's behalf. But in addition to failing to respond to opposing counsel's discovery requests by the mid-November deadline, Niehaus never filed the Motion for Child Support. Niehaus's failure to respond to the discovery requests is highlighted by the February 16, 2016, hearing on opposing counsel's Motion to Compel the discovery opposing counsel requested of Niehaus but never received.

Because Burns felt nervous and unprepared for the March 21, 2016, hearing, Burns sent a text message to Niehaus seeking a meeting to prepare for the hearing on March 16. Niehaus responded by falsely claiming that the March 21 hearing date had been moved to early May 2016. Luckily for Niehaus, opposing counsel filed a motion to reschedule the hearing date to June 9, 2016. Niehaus responded to the motion by sending the judge's secretary an email indicating he was available on June 9. However, Niehaus did not inform Burns of the rescheduled hearing despite several requests from

3

Burns for an update on his case and whether a specific date had been set for the hearing.

On June 24, 2016, Burns's employer notified him that it received a court ordered wage garnishment for the payment of child support. The garnishment consumed approximately one-third of Burns's wages each pay period. Burns immediately reached out to Niehaus demanding an explanation. Niehaus stated that he had no knowledge of the garnishment and that it was an administrative error. Burns told Niehaus that the garnishment was entered during a June 9 hearing on Burns's case. Niehaus falsely stated that he knew nothing about a June 9 hearing.

Between June 24 and July 14, 2016, Niehaus prevaricated about his actions on Burns's case, falsely claiming he was filing an appeal of the garnishment order, that he had ordered transcripts of the June 9 hearing, and that he had filed a request for reconsideration of the garnishment order with the Kenton Circuit Court. Niehaus went so far as to promise Burns that Niehaus would pay Burns's child support obligation while Niehaus worked on getting the garnishment overturned; no such payments were made.

On July 14, 2016, Burns sent Niehaus a text and email ending the engagement and seeking a return of the $2,500 retainer. On July 19, 2016, Niehaus responded that a full refund was forthcoming; Burns has yet to receive any refund. After August 9, 2016, Burns's text messages to Niehaus bounced back as undelivered and Burns's several calls to Niehaus went unanswered. Burns has not received any contact from Niehaus since August 9, 2016.

4

On August 16, 2016, Burns's new counsel filed a Motion to Reconsider the Garnishment with the Kenton Circuit Court, which overruled the motion and held that Burns's only recourse was to pursue an action against Niehaus.

The actions recounted above resulted in a three count Charge filed on February 16, 2017, by the Inquiry Commission, alleging violations of SCR 3.310(1.3), (1.4)(a)(3), and (1.16)(d).

The Complaint was initially sent to Niehaus at his Bar Roster address by way of certified mail on September 20, 2016, but was returned as unclaimed. The Complaint was then sent to the Kenton County Sheriff for service, but the Sheriff's Office was unable to locate Niehaus. Niehaus was served via service on the KBA Executive Director pursuant to SCR 3.175(2) on December 2, 2016. No response was filed.

Niehaus was served with a copy of the Charge lodged against him through service upon the KBA Executive Director on February 16, 2017. The Executive Director mailed a copy of the Charge to Niehaus's bar roster address and one additional address. On February 21, 2017, Niehaus signed the green card indicating proof of service at the alternate address sent by the Executive Director. The Charge was also forwarded to the Kenton County Sheriff for service, but once again the Sheriff's Office was unable to locate Niehaus. Niehaus did not file an answer to the Charge.

The Board of Governors unanimously, by a vote of 18-0 with one recused, found Niehaus guilty of violating SCR 3.130(1.3), (1.4)(a)(3), and (1.16)(d). The Board voted 11-7 to recommend that Niehaus be suspended from

5

the practice of law for 181 days, to be served consecutive with any pending discipline, and pay $2,500 in restitution to Burns.

## II. ANALYSIS.

From the record, it is clear that Niehaus violated SCR 3.310(1.3), (1.4)(a)(3), and (1.16)(d). Regarding SCR 3.310(1.3), Niehaus blatantly lied to Burns, failed to respond to discovery requests in Burns's case, failed to remedy his failures, falsely portrayed activity and work on the case when no such activity or work occurred, missed a crucial hearing in Burns's case, and failed to protect his client from garnishment, among other wrongdoings. Regarding SCR 3.310(1.4)(a)(3), Niehaus blatantly lied to Burns and altogether failed to respond to Burns's inquiries about important matters regarding Burns's case, including failing to inform Burns about a crucial hearing date resulting in garnishment of Burns's wages. Regarding SCR 3.310(1.4)(a)(3), Niehaus has taken no steps whatsoever to protect Burns's interests after termination of their relationship, still has not returned the original retainer fee after agreeing to do so, and failed to respond to Burns's inquiries about the fee and in general.

## III.     ORDER.

Finding the Board's findings and recommended sanctions appropriate, it is ORDERED that:

1. Daniel Alan Niehaus is found guilty of violating SCR 3.310(1.3), (1.4)(a)(3), and (1.16)(d).

6

2. Niehaus is suspended from the practice of law for a period of 181 days to be served consecutively with any pending discipline.

3. Niehaus must pay his former client, Owen Burns, $2,500 in restitution.

4. Under SCR 3.450, Niehaus must pay the costs of this proceeding, as calculated and certified by the Disciplinary Clerk, in the amount of $1,857.36.

5. Pursuant to SCR 3.390, Niehaus shall, within ten days from the entry of this opinion and order, provide written notice to his clients of his inability to represent them; provide written notice to all courts in which he has matters pending of his suspension from the practice of law; and furnish copies of all letters of notice to the Executive Director of the Kentucky Bar Association. Furthermore, to the extent possible, Niehaus shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: February 15, 2018.

CHIEF JUSTICE

7

# Supreme Court of Kentucky

2017-SC-000579-KB

KENTUCKY BAR ASSOCIATION                                    MOVANT

V.                          IN SUPREME COURT

DANIEL ALAN NIEHAUS                                    RESPONDENT

## ORDER CORRECTING

The Opinion and Order of the Court rendered February 15, 2018 is corrected on its face by substitution of the attached Opinion and Order in lieu of the original Opinion and Order.

Said correction does not affect the holding of the original Opinion and Order of the Court.

ENTERED: February 20, 2018

CHIEF JUSTICE