TO BE PUBLISHED

# Supreme Court of Kentucky

FINAL

2018-SC-000148-KB

DATE 6/26/18 Kim Redmon, DC

KENTUCKY BAR ASSOCIATION                                    MOVANT

V.                          IN SUPREME COURT

DANIEL ALAN NIEHAUS                                    RESPONDENT

## OPINION AND ORDER

This matter came before the Board of Governors of the Kentucky Bar Association (the Board) as a default case under Supreme Court Rule (SCR) 3.210 after Respondent, Daniel Alan Niehaus, failed to respond to a charge of four separate violations of the Kentucky Rules of Professional Conduct. The Board found Niehaus guilty of violating all four rules and recommended to this Court that Respondent be permanently disbarred. We agree with, and adopt, the Board's recommendation to permanently disbar Respondent.

## I. FACTUAL BACKGROUND

Respondent Daniel Alan Niehaus was admitted to the practice of law in the Commonwealth of Kentucky on January 19, 2012. His KBA Member No. is

94639 and his last known address is listed on the bar roster as 5294 Madison Pike, #201, Independence, Kentucky, 41501.

In October 2016, Respondent represented Daniel Snowball at a mediation conference regarding Snowball's personal injury claims against several defendants. Upon conclusion of the mediation, Snowball and another plaintiff accepted an aggregate settlement payment of $22,500.00, from which $9,166.66 would be paid to Humana Insurance Company to retire its subrogation claim against the defendants.

Defendant, State Farm Insurance Company, agreed to issue a check in the amount of $22,500.00 payable to both Snowball and Respondent. From that check, Humana's subrogation payment and Respondent's fee were to be deducted. The check was issued in November 2016 and sent to Snowball. Snowball endorsed the check and delivered it to Respondent's legal assistant.

By January 2017, Humana had not been paid, prompting its legal counsel to email Respondent repeatedly seeking payment. After receiving no response, Humana filed a Motion to Enforce Settlement Agreement in Kenton Circuit Court. On January 27, 2017, the Kenton Circuit Court entered an Order to Enforce Settlement, requiring Respondent to pay Humana within fourteen days. Four days later, Respondent sent Humana's counsel an email seeking verification of the payee. Humana responded with the payee information the same day. Neither Snowball nor Humana has yet received their respective portions of the $22,500.00 settlement.

2

In March 2017, Snowball's new attorney, Todd McMurtry, sent Respondent a demand for Snowball's portion of the $22,500.00 settlement. He also inquired about Humana's subrogation payment. Respondent never responded.

Because of the above actions, the Inquiry Commission (Commission) filed a four-count charge alleging the following violations. Count I charges that Respondent violated SCR 3.3130(1.15)(b) (Safekeeping Property), which states that "[u]pon receiving funds . . ., a lawyer shall promptly notify the client."[1] Count II charges that Respondent violated SCR 3.130(1.16)(d) (Declining or Terminating Representation), which states that "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client . . . ."[2] Counts III and IV charge that Respondent violated SCR 3.130(3.4)(c) (Fairness to Opposing Party and Counsel).[3]

---

[1] SCR 3.130(1.15)(b): "Upon receiving funds or other property in which a client has an interest, a lawyer shall promptly notify the client. Except as stated in this Rule or otherwise permitted by law or by agreement with the client a lawyer shall promptly deliver to the client any funds or other property that the client is entitled to receive and, upon request by the client, shall promptly render a full accounting regarding such property."

[2] SCR 3.130(1.16)(d): "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law."

[3] SCR 3.130(3.4)(c): "A lawyer shall not: (c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."

The Commission's charge was mailed to Respondent in August 2017. It was returned stamped "Return to Sender — No Such Street — Unable to Forward." Several unsuccessful attempts to serve Respondent were made by the Kenton County Sheriff's Department. Respondent was constructively served via the KBA Executive Director, pursuant to SCR 3.175(2), on September 13, 2017. Respondent filed no answer to the charge.

## II. PRIOR DISCIPLINE

In January of 2017, the Board of Governors suspended Respondent from the practice of law for failure to pay bar dues and for non-compliance with his continuing legal education requirements. He remains suspended as of this date.

Recently, by Opinion and Order of this Court dated February 15, 2018, this Court suspended Respondent from the practice of law for 181 days and ordered him to pay $2,500.00 in restitution to his former client.[4]

On November 4, 2016, a complaint alleging four violations of professional conduct was filed by the Disciplinary Counsel of the Supreme Court of Ohio. As a result, the Ohio Supreme Court suspended Respondent from the practice of law in Ohio. *See Disciplinary Counsel v. David Alan Niehaus*, 2017-Ohio-472.

---

[4] *KBA v. Niehaus*, 539 S.W.3d 35 (Ky. 2018).

4

### III. ANALYSIS

Due to Respondent's failure to respond to the current charge, the Commission submitted the matter to the Board of Governors under SCR 3.210(1), our rule for processing default cases. Following a discussion of the charges, the Board, by a vote of 14-2, recommended that Respondent be permanently disbarred from the practice of law. The Board also considered a recommended discipline of a five (5) year suspension from the practice of law with completion of EPEP.

Having reviewed the record, we agree that the Board reached the appropriate conclusions as to Respondent's guilt. Respondent has not filed a notice to this Court to review the Board's decision, and we do not elect to review the decision of the Board under SCR 3.370(8). Accordingly, the decision of the Board is hereby adopted under SCR 3.370(9).

For the foregoing reasons, it is hereby ORDERED:

1. Respondent, David Alan Niehaus, is found guilty of violating SCR 3.130 (1.15)(b); SCR 3.130 (1.16)(d)(2); and SCR 3.130 (3.4)(c) (two counts).

2. Respondent, David Alan Niehaus, KBA Member No. 94639, is permanently disbarred from the practice of law in the Commonwealth of Kentucky;

3. As required by SCR 3.390, Respondent shall notify, by letter duly placed with the United States Postal Service, all courts or tribunals in which he has matters pending, and all his clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Respondent

5

shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel. Respondent shall immediately cancel any pending advertisements to the extent possible and shall terminate any advertising activity.

4. In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $266.36, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: June 14, 2018.

_____
CHIEF JUSTICE