Movant, an Unnamed Attorney, moves this Court pursuant to SCR[1] 3.480(2) to accept his negotiated sanction with the Kentucky Bar Association ("KBA") of a Private Reprimand With Conditions for violations of SCR 3.130 (1.9)(c) and SCR 3.130 (1.11)(a). The name of the Movant has been omitted to protect the anonymity of the attorney being reprimanded privately. Though the reprimand is private, the parties and the Court believe other members of the bar will benefit from a published redacted opinion addressing application of SCR 3.130 (1.9) and SCR 3.130 (1.11) since scant precedent exists regarding the latter. Upon review of the record, we approve of the negotiated sanction.
I. Factual and Procedural Background.
While in law school and upon graduation, Unnamed Attorney worked in various civil legal capacities for the government of a city in the Commonwealth ("City"). When Unnamed Attorney left the full-time *348 employment of City for private practice he still contractually represented City in some matters. In late 2015, a client retained Unnamed Attorney to represent her in a civil claim involving City. Thereafter, Unnamed Attorney reached out to his former employer in an attempt to gain written consent to represent the woman in a dispute over a zoning permit in which City could potentially be sued. City originally consented to Unnamed Attorney's representation but withdrew its consent and filed a motion to disqualify Unnamed Attorney when he filed a lengthy complaint against City with issues extending well beyond the original zoning permit dispute.
The trial court conducted a hearing on the motion to disqualify and issued a Memorandum Order disqualifying Unnamed Attorney for violating SCR 3.130 (1.11)(a). The trial court held that Unnamed Attorney "substantially and personally participated" on behalf of City in matters substantially similar to those he was now litigating for his private client. Unnamed Attorney appealed the order, which was affirmed. Subsequently, the Inquiry Commission issued charges against Unnamed Attorney for violating SCR 3.130 (1.9)(c) and SCR 3.130 (1.11)(a). Pursuant to SCR 3.480(2), the parties agreed to a negotiated sanction. This Motion for Private Reprimand With Conditions followed.
II. Analysis.
SCR 3.130 (1.11)(a) states:
(a) Except as law may otherwise expressly permit, a lawyer who has formerly served as a public officer or employee of the government:
(1) is subject to Rule 1.9(c); and
(2) shall not otherwise represent a client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee, unless the appropriate government agency gives its informed consent, confirmed in writing, to the representation.
As the trial court noted, very little precedent exists involving similar facts and application of Rule 1.11 because contested attorney disqualifications are rare. Indeed, our precedent involving SCR 3.130 (1.11) which discusses previous government employment centers around former employment as a prosecutor or public defender. See Calhoun v. Commonwealth, 492 S.W.3d 132, 135-38 (Ky. 2016) (not erroneous for trial court not to disqualify an entire Commonwealth's Attorney's office after defendant's public defender withdrew and took a job as assistant prosecutor); Commonwealth v. Maricle ; 10 S.W.3d 117, 119-22 (Ky. 1999) (defense counsel's firm was disqualified when lead prosecutor resigned and joined defense counsel); Kentucky Bar Ass'n v. Lovelace, 778 S.W.2d 651, 653-54 (Ky. 1989) (Commonwealth's Attorney was suspended 45 days for representing a party in a civil case against an individual who became a defendant in a criminal matter in the Commonwealth's Attorney's jurisdiction).
Here, Unnamed Attorney admits to violating both SCR 3.130 (1.9)(c) and SCR 3.130 (1.11) when he represented a client in a civil suit against his former employer, City, and possessed knowledge of specific facts related to the claim from said employment. SCR 3.130 (1.9)(c)(1) requires that an attorney not "use information relating to the representation to the disadvantage of the former client[.]" He further admits that he failed to obtain informed consent from City before engaging in representation of the client. Informed consent confirmed in writing requires that an attorney provide "adequate information and explanation[.]" SCR 3.130 (1.0)(e). Unnamed Attorney did not receive proper *349 informed consent when, after his former employer consented to allow him to represent his client in a simple zoning permit dispute with the potential for a lawsuit, he filed a thirty-seven-page complaint[2] alleging City violated the Americans with Disabilities Act, the Fair Housing Act and several other non-zoning issues. Prior to filing his complaint, Unnamed Attorney should have contacted City and again requested informed consent, confirmed in writing, to represent his client in this new endeavor. Ultimately, City likely would have denied his request, and Unnamed Attorney would have needed to withdraw as counsel for the client. However, he would have been in compliance with the Rules in that scenario.
Unnamed Attorney has no prior discipline and admitted to the foregoing violations. Under these circumstances, we find the negotiated sanction appropriate and hereby ORDER that:
1. Movant, an Unnamed Attorney, is privately reprimanded for violations of SCR 3.130 (1.9)(c) and SCR (1.11)(a);
2. Unnamed Attorney will attend, at his expense, the next scheduled Ethics and Professionalism Enhancement Program ("EPEP") offered by the Office of Bar Counsel on April 12, 2019, at the Administrative Office of the Courts building in Frankfort, Kentucky;
3. If Unnamed Attorney fails to comply with the terms of discipline as set forth herein, upon motion of the Office of Bar Counsel, the Court may convert the Private Reprimand to a Public Reprimand; and
4. In accordance with SCR 3.450, Unnamed Attorney must pay all costs associated with these proceedings, said sum being $131.60, for which execution may issue from this Court upon finality of this Opinion and Order.
/s/ John D. Minton Jr.
CHIEF JUSTICE
Minton, C.J.; Hughes, Keller, Lambert, VanMeter and Wright, JJ., sitting. All concur.

Kentucky Rules of the Supreme Court.

Two weeks after filing the initial complaint, Unnamed Attorney filed a fifty-eight-page amended complaint.