TO BE PUBLISHED

# Supreme Court of Kentucky

**FINAL**

**DATE** 3/5/20

*a. Hutcheson*

2019-SC-000639-KB

AN UNNAMED ATTORNEY                                                        MOVANT


V.                                    IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                                       RESPONDENT


## OPINION AND ORDER

Movant, an Unnamed Attorney,[1] moves this Court pursuant to SCR[2] 3.480(2) to accept his negotiated sanction with the Kentucky Bar Association ("KBA") of a Private Reprimand With Conditions for violations of SCR 3.130(1.9)(a) and SCR 3.130(1.16)(d). Upon review of the record, we accept the negotiated sanction.

### I. Factual and Procedural Background.

In the spring of 2015, Unnamed Attorney was hired by a brother and sister to represent them during the pendency of a guardianship action

---

[1] The Movant is identified as "Unnamed Attorney" to protect the anonymity of the attorney being reprimanded privately. Though the reprimand is private, the parties and the Court believe other members of the bar will benefit from a published redacted opinion disapproving the attorney's actions.

[2] Kentucky Rules of the Supreme Court.

regarding their mother. During that proceeding, mother was represented by private counsel and by a court-appointed attorney. After the July 2015 district court finding of partial disability on the part of mother, Unnamed Attorney then represented mother in several family matters. After performing legal services for mother for nearly six months, Unnamed Attorney terminated the representation in December 2015 without notice to mother and without taking any affirmative steps to protect her continuing legal interests. Unnamed Attorney continued to represent brother and sister and, in early 2016, when mother's other daughter became involved in the guardianship case, that representation assumed an adverse position to mother in both the underlying disability/guardianship case and other related matters.

Mother's other daughter ultimately filed a bar complaint against Unnamed Attorney, alleging that his representation of her mother was improper and conflicted with his representation of her siblings. The Inquiry Commission charged Unnamed Attorney with six counts, including the following Rule violations: Count I – 3.130(1.5)(b), Count II – 3.130(1.8)(f), Count III – 3.130(1.7), Count IV – 3.130(1.16)(d), Count V – 3.130(1.9)(a), and Count VI – 3.130(4.2). After negotiations, an agreement was reached to dismiss Counts I, II, III, and VI. Unnamed Attorney has admitted the violations in the remaining charges—Count IV for failure to abide by the representation termination requirements of SCR 3.130(1.16)(d) and Count V for violating the conflicts provisions relating to former clients in SCR 3.130(1.9)(a). Unnamed

Attorney now asks this Court to grant his Motion for Private Reprimand With Conditions, which the KBA accepts as an appropriate sanction.

## II. Analysis.

Unnamed Attorney has admitted to violating SCR 3.130(1.9)(a) and SCR 3.130(1.16)(d). The proposed sanction is a Private Reprimand with the Condition that Unnamed Attorney attend and complete the Ethics and Professionalism Enhancement Program ("EPEP") at its next offering in April 2020, and pay all costs associated with this disciplinary proceeding. Having reviewed the relevant case law and the American Bar Association Standards for Imposing Lawyer Sanctions ("the ABA Standards"), we agree that the proposed sanction is appropriate. *See Wells v. Kentucky Bar Ass'n*, 508 S.W.3d 101, 103 (Ky. 2017) ("although not binding, the ABA Standards can at times serve as persuasive authority[]") (citation omitted).

With respect to Count IV, SCR 3.130(1.16)(d) provides:

> Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interest such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

In this case, Unnamed Attorney admits that he took no affirmative steps to notify mother of the termination of representation nor make sure her interests were protected. He concedes that his conduct fell below that required of an attorney under Count IV of the Charge, but maintains that his conduct did not amount to intentional dishonesty or a selfish motive and did not result

3

in any actual injury to mother. He further asserts that any potential injury to mother was mitigated by the known contemporaneous involvement of her *guardian ad litem*. Under Section 7.0 of the ABA Standards, private reprimand is appropriate when the violation arises from negligent action, rather than intentional dishonesty or selfish motive, and little or no actual or potential injury to the client results.

Undoubtedly, Unnamed Attorney's conduct fell below that required by SCR 3.130(1.16)(d), and he admits as much. However, we agree that his conduct was negligent and did not result in any actual injury to mother. Thus, under the circumstances of this case, and considering the relevant case law, we find that a private reprimand is an appropriate sanction. *See, e.g., Kentucky Bar Ass'n v. Niehaus*, 547 S.W.3d 523 (Ky. 2018) (permanent disbarment ordered for attorney who violated SCR 3.130(1.16), among other rules, failed to respond and participate in the disciplinary process, and had just been suspended from the practice of law for different reasons); *Lemkins v. Kentucky Bar Ass'n*, 412 S.W.3d 881 (Ky. 2013) (attorney publicly reprimanded for violating a number of rules, including SCR 3.130(1.16) by terminating representation of clients in a medical malpractice action without notice which resulted in dismissal of the case, a real and significant injury to the client); *Thompson v. Kentucky Bar Ass'n*, 360 S.W.3d 238 (Ky. 2012) (attorney who violated numerous rules, including not properly notifying his client of the termination of representation and not returning portions of the unearned fee in violation of SCR 3.130(1.16(d)), received 61-day suspension; 31 days of that

4

suspension were probated in part on the condition that the attorney complete EPEP); *Kentucky Bar Ass'n v. Unnamed Attorney*, 205 S.W.3d 204 (Ky. 2006) (attorney privately reprimanded for violating SCR 3.130(1.16) by agreeing to represent a client in a child visitation case but then withdrawing without notice when he left the practice of law).

With regards to Count V, SCR 3.130(1.9)(a) provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Unnamed Attorney acknowledges that his continued representation of brother and sister in the spring of 2016 became materially adverse to the wishes of his former client, mother, at that time. Unnamed Attorney points out, however, that his representation of brother and sister in early 2016 sought to restore mother to her previous living arrangements and financial status, as expressed by mother prior to her rapid and significant cognitive deterioration in late 2015. In other words, Unnamed Attorney maintains that his conduct was well-intentioned, as he sought to protect mother from financial exploitation by her other daughter, and additionally, the conflict of interest did not cause injury to mother. Thus, Unnamed Attorney believes a private reprimand is the appropriate sanction. *See, e.g., Unnamed Attorney v. Kentucky Bar Ass'n*, 568 S.W.3d 347 (Ky. 2019) (private reprimand and mandatory EPEP attendance ordered for attorney who, without any prior discipline history, admitted to violating SCR 3.130(1.9) and SCR 3.130(1.11) by undertaking the

5

representation of an individual client in her civil claim against the city—the attorney's former client and former employer—without first seeking consent from the city); *Boggs v. Kentucky Bar Ass'n*, 349 S.W.3d 302 (Ky. 2011) (30-day suspension, with required EPEP attendance, for attorney who violated SCR 1.9 and whose disciplinary history also involved a violation of conflict of interest rules).

Here, Unnamed Attorney has no history of prior discipline. The ABA Standards Section 9.32 notes that a lack of history of discipline may be considered as a mitigating factor. Considering this fact, the range of sanctions previously ordered by this Court in similar cases, and Unnamed Attorney's admission of the violations, we believe the proposed sanction to be an appropriate one.

Therefore, we hereby grant the motion and, it is ORDERED that:

1. Movant, an Unnamed Attorney, is hereby privately reprimanded for violations of SCR 3.130(1.9)(a) and SCR (1.16)(d);

2. Unnamed Attorney will attend, at his expense, the next scheduled Ethics and Professionalism Enhancement Program offered by the Office of Bar Counsel in April 2020, at the Administrative Office of the Courts building in Frankfort, Kentucky;

3. If Unnamed Attorney fails to comply with the terms of discipline as set forth herein, upon motion of the Office of Bar Counsel, the Court may convert the Private Reprimand to a Public Reprimand; and

4. In accordance with SCR 3.450, Unnamed Attorney must pay all costs associated with these proceedings.

All sitting. Minton, C.J.; Hughes, Lambert, Nickell, VanMeter and Wright, JJ., concur. Keller, J., concurs in result only by separate opinion.

KELLER, J., CONCURRING IN RESULT ONLY: Though I concur in the Court's decision to accept the terms of this negotiated sanction, I disagree with the majority's decision to issue this as an Unnamed Attorney Opinion. The KBA asserts that the unique facts of this case will provide guidance to attorneys facing similar issues; however, the facts have been sterilized to prevent identification of the unnamed attorney and the family involved. As a result, the Court's Unnamed Attorney Opinion will lend little guidance to other members of the Bar. Yet, the facts are not so sterilized that the family members involved could not identify themselves in the opinion, thus renewing the family turmoil.

It is within the discretion of the Court to issue an Unnamed Attorney Opinion instead of a private, unpublished reprimand. For the reasons stated above, I do not believe that we should exercise our discretion under the facts of this case to issue an Unnamed Attorney Opinion. I believe the better course of action would be to adopt the terms of the negotiated sanction in a private, confidential reprimand, thereby allowing the family to find closure in this ordeal.

ENTERED: FEBRUARY 20, 2020.

_____
CHIEF JUSTICE

7