TO BE PUBLISHED

# $\mathfrak{Supreme\ Court\ of\ Kentucky}$



2016-SC-000094-KB

DATE 9/7/16 Kim Redman DC

KENTUCKY BAR ASSOCIATION                                    MOVANT


V.                              IN SUPREME COURT


JOHN D.T. BRADY                                    RESPONDENT


## OPINION AND ORDER

Respondent John D.T. Brady was admitted to the practice of law in the Commonwealth of Kentucky on May 1, 2007. His Kentucky Bar Association (KBA) Member Number is 91731 and his bar roster address is 151 Lovett Park Lane, Georgetown, Kentucky 40324. We recently suspended Respondent from the practice of law in the Commonwealth for five (5) years. *KBA v. Brady*, 470 S.W.3d 345, 346 (Ky. 2015). In March and May 2015, the Inquiry Commission filed nine charges encompassing a total of thirty seven (37) violations. Respondent failed to respond. The Commission submitted the cases to the Board of Governors pursuant to SCR 3.210. The Board, finding Respondent guilty of thirty two (32) violations, recommends Respondent be permanently disbarred. We agree with the Board's recommendation.

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

Respondent failed to respond to the charges filed within KBA File Numbers 23033, 23085, 23133, 23189, 23190, 23243, 23244, 23245, and 23272. The Board filed its findings of fact, conclusions of law, and recommendation in this consolidated disciplinary action February 25, 2016.

## Violations Charged Across Nine Cases

The Inquiry Commission charged Respondent with violating:

1) SCR 3.130(1.1): "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." KBA File Number 23272; one count total.

2) SCR 3.130(1.3): "A lawyer shall act with reasonable diligence and promptness in representing a client." KBA File Numbers 23243, 23244, 23245, and 23272; four counts total.

3) SCR 3.130(1.4)(a)(3): "A lawyer shall: . . . (3) keep the client reasonably informed about the status of the matter." KBA File Numbers 23243, 23244, and 23245; three counts total.

4) SCR 3.130(1.4)(a)(4): "A lawyer shall: . . . (4) promptly comply with reasonable requests for information." KBA File Numbers 23133, 23189, 23243, 23244, and 23245; five counts total.

5) SCR 3.130(1.15)(a): "A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property." KBA File Number 23272; one count total.

6) SCR 3.130(1.16)(d): "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law." KBA File Numbers 23033, 23085, 23133, 23189, 23190, 23243, 23244, and 23245; eight counts total.

2

7) SCR 3.130(5.3)(b): "With respect to a nonlawyer employed or retained by or associated with a lawyer: . . . (b) a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer." KBA File Number 23272; one count total.

8) SCR 3.130(5.5)(a): "A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so." KBA File Numbers 23033, 23085, 23133, 23189, 23190, 23243, 23244, and 23245; eight counts total.

9) SCR 3.130(8.1)(b): "[A] lawyer . . . shall not: (b) . . . knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority." KBA File Number 23272; one count total.

10) SCR 3.130(8.4)(c): "It is professional misconduct for a lawyer to: . . . (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation." KBA File Numbers 23033, 23085, 23133, 23189, and 23190; 5 counts total.

## KBA File 23033

In June 2014 Crystal Renfrow paid Respondent $3,000.00 to represent her in a domestic violence hearing, divorce and custody case. In July 2014, Renfrow's husband filed divorce papers in Scott County. On July 16, 2014, ten minutes before the domestic violence hearing was scheduled, Respondent sent Renfrow a text message stating he had "found out this morning" that he had been suspended for non-payment of his dues.[1] He stated he would not be in court and asked Renfrow not to inform anyone why he was not present. The night before the next hearing date, Respondent emailed Renfrow stating that

---

[1] Respondent has been suspended from the practice of law since January 2014. Respondent was suspended for non-payment of dues on January 23, 2014. He was subsequently suspended on August 21, 2014 for a disciplinary matter.
Respondent was suspended from the practice of law at the time he was hired by Renfrow.

3

his reinstatement was not looking good. Renfrow again appeared without representation. Although Respondent offered Renfrow a refund, he never provided it.

On August 14, 2014, the Office of Bar Counsel sent the bar complaint to Respondent's bar roster address via certified mail. That method, as well as service via the Scott County Sheriff, was unsuccessful. On November 4, 2014, Respondent received service of the complaint via the Executive Director pursuant to SCR 3.175(2). The copies of the complaint mailed to two (2) addresses for Respondent returned as undeliverable. Respondent did not file an answer to the complaint.

On March 23, 2015, the Inquiry Commission issued a Charge alleging Respondent violated 1) SCR 3.130(1.16)(d), 2) SCR 3.130(5.5)(a), and 3) SCR 3.130(8.4)(c). Although service via certified mail to Respondent's bar roster address was unsuccessful, on May 28, 2015, Respondent contacted the Office of Bar Counsel and that day, the Charge was emailed to him. On June 2, 2015, Respondent received service of the Charge via the Executive Director. Of the copies mailed to three addresses associated with Respondent, Respondent signed for the envelope mailed to Gatlinburg, Tennessee. Respondent did not file an answer to the Charge. On each of the three counts, the Board found Respondent guilty. Respondent owes $3,000.00 in restitution in this case.

The sequence and date of events noted above, from the Commission's issuance of the Charge to Respondent's signing for the envelope mailed to

4

Gatlinburg, Tennessee, is the same for KBA File Numbers 23085, 23133, 23189, and 23190. This pattern is not repeated below for those cases.

## KBA File 23085

In May 2014 Brandon Turner paid Respondent $1000.00 to represent him in a domestic case.[2] Respondent appeared at one hearing; the court granted an extension until May 17, 2014. Although the court date had not been cancelled, Respondent informed Turner otherwise. Turner did not appear in court and subsequently received notice that due to his failure to appear, child support had been established against him. Respondent, when immediately contacted by Turner, said he would remedy the situation. Respondent sent Turner a text message stating the ruling had been set aside, thus, child support did not have to be paid, and a new court date was set. In July 2014, Turner learned that his pay was to be garnished for his child support arrearage. Unable to contact Respondent, Turner contacted the Fayette County Attorney regarding Respondent. Despite telling the Fayette County Attorney otherwise, Respondent did not contact Turner.

On September 14, 2014, the Office of Bar Counsel sent the bar complaint to Respondent's bar roster address via certified mail. That method being unsuccessful, on October 10, 2014, Respondent received service of the complaint through the Executive Director. The copies of the complaint mailed

---

[2] Respondent was suspended from the practice of law at the time he was hired by Turner.

to two (2) addresses for Respondent returned as undeliverable. Respondent did not file an answer to the complaint.

The Inquiry Commission issued a Charge alleging Respondent violated 1) SCR 3.130(1.16)(d), 2) SCR 3.130(5.5)(a), and 3) SCR 3.130(8.4)(c). After receiving service, Respondent did not file an answer to the Charge. On each of the three counts, the Board found Respondent guilty. Respondent owes $1,000.00 in restitution in this case.

### KBA File 23133

In 2013 Kristie McFarland paid Respondent $600.00 to obtain a name change for her daughter.[3] Respondent had McFarland sign the drafted petition; it is unclear if the petition was ever filed. After this, Respondent stated in text messages to McFarland that: 1) He mailed to her ex-husband in Tennessee a certified letter but the letter was returned; 2) He had a Warning Order Attorney appointed for her ex-husband in February 2014; 3) He was checking with the Warning Order Attorney (March 2014); 4) The case should be done next week (April 2014); and 5) Confirmation papers were in the mail to him and he would email the confirmation papers to McFarland (June 2014). McFarland could not get Respondent to reply to her requests for the paperwork by July 2014.

On September 22, 2014, the Office of Bar Counsel sent the bar complaint to Respondent's bar roster address via certified mail. That method being

---

[3] Respondent was suspended during part of the time he was handling McFarland's case.

unsuccessful, on October 13, 2014, Respondent received service of the complaint through the Executive Director. The Executive Director first mailed copies of the complaint to two (2) addresses for Respondent and then later mailed a third copy to an additional address. All three envelopes returned as undeliverable. Respondent did not file an answer to the complaint.

The Inquiry Commission issued a Charge alleging Respondent violated 1) SCR 3.130(1.4)(a)(4), 2) SCR 3.130(1.16)(d), 3) SCR 3.130(5.5)(a), and 4) SCR 3.130(8.4)(c). After receiving service, Respondent did not file an answer to the Charge. On each of the four counts, the Board found Respondent guilty. Respondent owes $600.00 in restitution in this case.

## KBA File 23189

In April 2014 Respondent was working with the Porter Law Office (Porter Law). Donald Fugate retained Porter Law and paid $300.00 toward an uncontested divorce. When Fugate's wife contested the divorce, the retainer was raised to $1,500.00 from $500.00. Being unsuccessful in his numerous attempts to contact someone with Porter Law, Fugate contacted the KBA. When Respondent contacted Fugate shortly thereafter,[4] Fugate paid toward his retainer an additional $1,100.00, making the total retainer payment $1,400.00. In May 2014 Respondent went to court in Anderson County with Fugate. Despite his numerous attempts, Fugate had no further contact with Respondent. Fugate paid new counsel $1,500.00 to finalize the divorce.

---

[4] Respondent was suspended during part of the time he was handling Fugate's case.

7

On October 13, 2014, the Office of Bar Counsel mailed the bar complaint to Respondent's bar roster address. That method being unsuccessful, on November 4, 2014, Respondent received service of the complaint through the Executive Director. The Executive Director mailed copies of the complaint to two (2) addresses for Respondent. Both envelopes returned as undeliverable. Respondent did not file an answer to the complaint.

The Inquiry Commission issued a Charge alleging Respondent violated 1) SCR 3.130(1.4)(a)(4), 2) SCR 3.130(1.16)(d), 3) SCR 3.130(5.5)(a), and 4) SCR 3.130(8.4)(c). After receiving service, Respondent did not file an answer to the Charge. On each of the four counts, the Board found Respondent guilty. Respondent owes $1,400.00 in restitution in this case.

## KBA File 23190

In May 2014 Opata Lawrence paid Respondent $250.00 of a $500.00 retainer after Lawrence received a "divorce letter" from his wife.[5] Sixty days later, after having received another divorce related document, Lawrence contacted Respondent. Respondent told Lawrence that a reply had been submitted to the Minnesota law group which was representing his wife. On September 11, 2014, Lawrence received notice that he was in default in the divorce action and that a final judgment had been entered by the Minnesota court.

---

[5] Respondent was suspended from the practice of law at the time he was hired by Lawrence.

On October 13, 2014, the Office of Bar Counsel mailed the bar complaint to Respondent's bar roster address. That method being unsuccessful, on November 4, 2014, Respondent received service of the complaint through the Executive Director. The Executive Director mailed copies of the complaint to two (2) addresses for Respondent. Both envelopes returned as undeliverable. Respondent did not file an answer to the complaint.

The Inquiry Commission issued a Charge alleging Respondent violated 1) SCR 3.130(1.16)(d), 2) SCR 3.130(5.5)(a), and 3) SCR 3.130(8.4)(c). After receiving service, Respondent did not file an answer to the Charge. On each of the three counts, the Board found Respondent guilty. Respondent owes $250.00 in restitution in this case.

### KBA File 23243

On May 9, 2014, Lori Williams went to Porter Law Offices. She was given paperwork to complete regarding Chapter 7 bankruptcy and was quoted a retainer of $938.00. Williams did not meet with Respondent until her return on June 27, 2014 with the completed paperwork. She paid Respondent $940.00.[6] In August 2014, Williams returned to Porter Law Offices to sign bankruptcy documents. Despite the office being locked and it appearing that no one was present, Williams waited in the parking lot. When Respondent exited the office, he told Williams that documents are only signed on Fridays,

---

[6] Respondent was suspended from the practice of law at the time he was hired by Williams.

the scheduled date was wrong, and she would be called the following day. Williams attempted to contact Respondent for three (3) weeks but never heard from him.

On November 4, 2014, the Office of Bar Counsel mailed the bar complaint to Respondent's bar roster address. The envelope returned as unable to forward. On January 15, 2015, Respondent received service of the complaint through the Executive Director. The copies of the complaint mailed to two (2) addresses for Respondent returned as undeliverable. Respondent did not file an answer to the complaint.

On May 14, 2015 the Inquiry Commission issued a Charge alleging Respondent violated 1) SCR 3.130(1.3), 2) SCR 3.130(1.4)(a)(3), 3) SCR 3.130(1.4)(a)(4), 4) SCR 3.130(1.16)(d), and 5) SCR 3.130(5.5)(a). The Commission sent the Charge by certified mail to Respondent's bar roster address and to his address in Gatlinburg, Tennessee. Respondent signed for the envelope mailed to Gatlinburg. Respondent did not file an answer to the Charge. On each of the five counts, the Board found Respondent guilty. Respondent owes $940.00 in restitution in this case.

### KBA File 23244

In September 2013 Dora Evans retained Porter Law for a divorce. She paid a $500.00 fee for an uncontested divorce despite an online advertised fee of $299.00. She was advised if the divorce became contested, the fee would be $1,000.00. While meeting with another attorney who stated he would be representing her, she consented to the divorce being filed in Magoffin County

10

by Respondent. Evans' husband, in jail at the time in Florida, wrote a letter asking to postpone the proceedings until he was out of jail, at which time he would secure legal counsel. When her husband was released on March 10, 2014, Evans was unsuccessful in reaching anyone at Porter Law. She mailed the Property Settlement Agreement to her husband, and through contact with one of his family, learned he signed the agreement in April 2014 and mailed it to Porter Law. In June 2014, Porter Law contacted Evans and advised that her case was being handled by another attorney in the firm, the signed Property Settlement had been received, and it would be mailed to her for her signature. After receiving the Property Settlement Agreement in July 2014, Evans signed and returned the notarized document back to Porter Law on July 10, 2014. In August 2014, with Evans being upset from Porter Law's lack of communication, her boyfriend left a voice message with Porter Law; he threatened to bring local media attention to the law office's practices. The office manager contacted Evans immediately and advised that Respondent would "fix everything." Later, Evans filed a criminal complaint with local law enforcement.

On October 30, 2014, the Office of Bar Counsel mailed the bar complaint to Respondent's bar roster address. The envelope returned as "Unable to Forward". On January 15, 2015, Respondent received service of the complaint through the Executive Director. The copies of the complaint mailed to two (2) addresses for Respondent returned as "Undeliverable". Respondent did not file an answer to the complaint.

11

On May 14, 2015 the Inquiry Commission issued a Charge alleging Respondent violated 1) SCR 3.130(1.3), 2) SCR 3.130(1.4)(a)(3), 3) SCR 3.130(1.4)(a)(4), 4) SCR 3.130(1.16)(d), and 5) SCR 3.130(5.5)(a). The Commission sent the Charge by certified mail to Respondent's bar roster address and to his address in Gatlinburg, Tennessee. Respondent signed for the envelope mailed to Gatlinburg. Respondent did not file an answer to the Charge. On each of the five counts, the Board found Respondent not guilty.

## KBA File 23245

In August 2013 Mary Columbia paid Porter Law a $1,500.00 retainer for her bankruptcy case. In January 2014 she sent a letter to the office manager identifying concerns with a debt with Chase Bank, the refinance of her car and her house. Respondent became responsible for Columbia's case.[7] Following his advice that an appraisal and a roofing estimate on the house were needed to lower the house value for bankruptcy protection, she spent $325.00 for the unnecessary estimates.

In June 2014, her bankruptcy not confirmable, Chase Bank proceeded with collection actions. Consequently, her social security check was garnished and tax refunds were intercepted. Respondent cancelled three appointments and failed to appear for a fourth appointment with Columbia.

---

[7] Respondent was suspended during part of the time he was handling Columbia's case.

Columbia financed her vehicle and had two (2) credit cards through a credit union. She learned that to retain her vehicle she must withdraw $8,000.00 from her retirement. Columbia stated that if given proper legal advice about credit union operations she would have refinanced her vehicle earlier elsewhere. Because she was not paying on the credit cards in anticipation of bankruptcy, two suits were filed against her. When the first suit was filed, Respondent assured Columbia he would advise the credit union of the bankruptcy. He only wrote a letter; nothing was filed with court.

On November 3, 2014, the Office of Bar Counsel mailed the bar complaint to Respondent's bar roster address. The envelope returned as unable to forward. On January 15, 2015, Respondent received service of the complaint through the Executive Director. The copies of the complaint mailed to two (2) addresses for Respondent returned as undeliverable. Respondent did not file an answer to the complaint.

On May 14, 2015 the Inquiry Commission issued a Charge alleging Respondent violated 1) SCR 3.130(1.3), 2) SCR 3.130(1.4)(a)(3), 3) SCR 3.130(1.4)(a)(4), 4) SCR 3.130(1.16)(d), and 5) SCR 3.130(5.5)(a). The Commission sent the Charge by certified mail to Respondent's bar roster address and to his address in Gatlinburg, Tennessee. Respondent signed for the envelope mailed to Gatlinburg. Respondent did not file an answer. On each of the five counts, the Board found Respondent guilty.

13

## KBA File 23272

On October 29, 2014, pursuant to his obligation to report professional misconduct, US Bankruptcy Judge Schaaf contacted the Office of Bar Counsel. He reported Respondent had entered stipulations and, by an agreed order, is prohibited from practicing in the United States Bankruptcy Court for the Eastern District of Kentucky. Respondent stipulated: 1) He did not maintain a trust account for his bankruptcy clients. He did not receive client receipts but believed they were deposited in an office account of Porter Law Office; 2) He did not meet with clients prior to filing their bankruptcy; 3) He did not supervise the work of his office staff; 4) He failed to attend court appearances; and 5) He failed to file proper filings as required in bankruptcy court.

On February 19, 2015, the Office of Bar Counsel mailed the bar complaint to Respondent. He signed for the complaint on February 20, 2015. Respondent did not file an answer to the complaint.

On May 21, 2015 the Inquiry Commission issued a Charge alleging Respondent violated 1) SCR 3.130(1.1), 2) SCR 3.130(1.3), 3) SCR 3.130(1.15)(a), 4) SCR 3.130(5.3)(b), and 5) SCR 3.130(8.1)(b). The Commission sent the Charge by certified mail to Respondent's bar roster address and to his address in Gatlinburg, Tennessee. With the bar roster envelope being forwarded to Tennessee, Respondent signed for both envelopes mailed to Gatlinburg. Respondent did not file an answer. On each of the five counts, the Board found Respondent guilty.

14

## Recommended Discipline

The Board voted 18-0 for permanent disbarment, with restitution totaling $8,690.00 and costs totaling $2,203.79 to be paid by Respondent.

## II. ANALYSIS

Neither Bar Counsel nor Respondent has filed a notice pursuant to SCR 3.370(7) for the Court to review the Board's decision. The Court will not undertake its own review under SCR 3.370(8). Consequently, pursuant to SCR 3.370(9), we adopt the decision of the Board and consistent with its findings of fact and conclusions of law, find Respondent guilty of the thirty-two violations listed within KBA File Numbers 23033, 23085, 23133, 23189, 23190, 23243, 23245, and 23272 and not guilty of the five violations listed within KBA File Number 23244.

Respondent has prior disciplinary actions. In 2012, he was suspended for 181 days, but after serving 60 days, the remainder was probated for two years with conditions. The suspension was discipline for violating SCR 3.130(1.4)(a), SCR 3.13.0(1.15)(a), SCR 3.130(1.16)(d), and SCR 3.130(8.4)(c) upon being found guilty of all charges within KBA File Numbers 20238 and 20715, cases which involved misleading clients and transferring money from a client's escrow account for his personal use. *Brady v. KBA*, 377 S.W.3d 546 (Ky. 2012). In 2014, when Respondent failed to comply with the probation conditions by failing to maintain communication with KYLAP and entering a drug abuse treatment facility, the remaining 121-day suspension was imposed.

15

*Brady v. KBA*, 444 S.W.3d 434 (Ky. 2014). Respondent was also suspended for non-payment of dues in January 2014.

In 2015, across three default cases, KBA File Numbers 22391, 22639, and 22691, Respondent was found guilty of violating SCR 3.130 (1.3) (two counts) , SCR 3.130(1.4)(a)(3) and (4) (three counts), SCR 3.130(1.15)(a) (one count), SCR 3.130(1.16)(d) (one count), SCR 3.130(8.1)(b) (one count), and SCR 3.130(8.4)(c) (two counts). These cases involved Respondent failing to perform services he undertook, failing to communicate with clients, and failing to return unearned fees. As part of the September 24, 2015 opinion and order in which Respondent was suspended for five years, Respondent, having an alcohol abuse problem, was ordered to continue KYLAP participation and compliance. *KBA v. Brady*, 470 S.W.3d 345, 349 (Ky. 2015).

Here, because of Respondent's failure to respond to the complaints or the charges, further mitigating factors are not presented for this Court's consideration. Therefore, in light of Respondent's disciplinary record, the pattern and seriousness of the misconduct, and his failure to respond to the current charges, we agree with the Board's recommendation. Permanent disbarment is the appropriate discipline. Disbarment is required to protect the public and the legal profession in general.

### III.     ORDER

It is therefore ORDERED that:

1) Respondent John D.T. Brady, KBA Member Number 91731, 151 Lovett Park Lane, Georgetown, Kentucky 40324 is adjudged guilty of violating SCR

16

3.130(1.1) (one count), SCR 3.130(1.3) (three counts), SCR 3.130(1.4)(a)(3) (two counts), SCR 3.130(1.4)(a)(4) (four counts), SCR 3.130(1.15)(a) (one count), SCR 3.130(1.16)(d) (seven counts), SCR 3.130(5.3)(b) (one count), SCR 3.130(5.5)(a) (seven counts), SCR 3.130(8.1)(b) (one count), and SCR 3.130(8.4)(c) (five counts) as charged in KBA File Numbers 23033, 23085, 23133, 23189, 23190, 23243, 23245, and 23272.

2) Respondent is permanently disbarred from the practice of law in the Commonwealth of Kentucky. Disbarment shall commence on the date of entry of this order.

3) As required by SCR 3.390, Respondent, to the extent necessary given that he is currently suspended, will within 10 days after the issuance of this order of disbarment notify, by letter duly placed with the United States Postal Service, all courts or other tribunals in which he has matters pending, and all of his clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Respondent shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel. Respondent shall immediately cancel any pending advertisements, to the extent possible, and shall terminate any advertising activity.

4) Respondent is to pay the restitution, totaling $8,690.00, as itemized for the following cases:

| KBA File Number | Amount |
| --- | --- |
| 23033 | $3,000.00 |
| 23085 | $1,000.00 |

17

| | |
|---|---|
| 23133 | $600.00 |
| 23189 | $1,400.00 |
| 23190 | $250.00 |
| 23243 | $940.00 |
| 23245 | $1,500.00 |

5) In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $2,203.79, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: August 25, 2016.

CHIEF JUSTICE