TO BE PUBLISHED

# Supreme Court of Kentucky

## 2018-SC-000069-KB

FINAL DATE 6/26/18 Kim Redmon, DC

KENTUCKY BAR ASSOCIATION                                          MOVANT

V.                          IN SUPREME COURT

RICHARD GRAHAM KENNISTON                               RESPONDENT

## OPINION AND ORDER

Pursuant to Supreme Court Rule (SCR) 3.380(2), the Kentucky Bar Association (KBA) has moved this Court to suspend Richard Graham Kenniston[1] indefinitely from the practice of law for failing to respond to charges initiated by the Inquiry Commission (Commission) of the KBA. Finding sufficient cause to do so, we grant the Commission's motion.

### KBA File 17-DIS-0054

In August 2016, Kenniston was retained by Bonnie Riddell to represent her in a custody matter involving her grandson. Kenniston received a $1,500 non-refundable retainer for the representation. Later, on January 19, 2017, Riddell dismissed Kenniston after he failed to appear at a proceeding in family court. While Kenniston agreed to refund the unearned retainer by January 24,

---

[1] Kenniston's bar roster address is P. O. Box 848, Richmond, Kentucky 40476, and his bar roster number is 90572.

2017, he ultimately failed to do so. Consequently, Riddell filed a bar complaint against Kenniston on February 6, 2017.

After the bar complaint was filed against Kenniston, he corresponded with the Office of Bar Counsel and reiterated to Riddell that he intended to refund the retainer by June 30, 2017. However, Kenniston failed to refund the retainer. On August 7, 2017, the Commission issued a private admonition with conditions against Kenniston for violation of SCR 3.130(1.16)(d) (Declining or terminating representation). As a condition of the private admonition, Kenniston was obligated to return the retainer within sixty days of the Commission's order. Kenniston failed to comply with the Commission's directive to return the retainer.

Afterwards, on October 20, 2017, the KBA filed a motion to revoke his private admonition. Kenniston did not respond to this motion or appear before the Commission at a hearing on November 1, 2017. As a result, the Commission revoked Kenniston's private admonition and issued a complaint on November 3, 2017, alleging two violations: (1) SCR 3.130(1.16)(d) (Declining or terminating representation) for failing to refund the unearned retainer to Riddell and (2) SCR 3.130(3.4)(c) (Fairness to opposing party and counsel) for failing to comply with the conditions set forth in the Commission's private admonition.

### KBA File 17-DIS-0131

On November 15, 2016, Vicki Murphy paid Kenniston $500 to handle the probate proceedings for her father's estate. Kenniston appeared in court in

December 12, 2016, and was instructed to file the decedent's original will. Afterwards, Murphy was unable to contact Kenniston as his phone line had been disconnected and his office vacated. Due to her inability to reach Kenniston, Murphy retained new counsel, who filed a motion to continue probate proceedings for her father's estate.

Subsequently, Kenniston learned that Murphy had retained new counsel and returned her file. Kenniston admitted to Murphy that he closed his office in January 2017 and did not recall having contact with her after the December 2016 court appearance. Further, Kenniston explained to Murphy that he had failed to file the necessary probate documents because he did not have enough time to do so. Consequently, Murphy filed a bar complaint against Kenniston on April 20, 2017.

Kenniston filed a response to Murphy's bar complaint on June 5, 2017, and responded by email on August 2, 2017, to an additional inquiry from the Office of Bar Counsel. On November 9, 2017, the Commission issued a second complaint against Kenniston alleging the following violations: (1) SCR 3.130(1.3) (Diligence) for failing to perform work for which he had been hired; (2) SCR 3.130(1.4)(a)(3) (Communication) for failing to inform Murphy about the status of the probate case; and (3) SCR 3.130(1.16)(d) (Declining or terminating representation) for failing to refund the unearned retainer to Murphy.

In September 2016, Sherry Kincaid hired Kenniston to represent her in a custody petition involving her cousin. However, Kenniston did not appear at scheduled court dates in Kincaid's case on May 12, 2017 and June 9, 2017, prolonging the proceedings. Also, Kenniston was unresponsive to Kincaid's repeated efforts to reach him by telephone; Kincaid has not had contact with Kenniston following his failure to appear in court on June 9, 2017. Due to Kenniston's unavailability, Kincaid was compelled to appear in court *pro se*, where she successfully argued her custody petition. Additionally, Kenniston failed to reimburse Kincaid for a $40 fee she paid on his behalf to the sheriff's office.

Subsequently, on July 26, 2017, Kincaid filed a bar complaint against Kenniston. On September 5, 2017, Kenniston filed a response to the bar complaint. In late September, Kenniston also informed the Office of Bar Counsel that he intended to reimburse Kincaid for the $40 fee in short order. However, Kenniston failed to reimburse Kincaid for the fee and had no additional contact with the Office of Bar Counsel. On November 9, 2017, the Commission issued a third complaint against Kenniston alleging the following violations: (1) SCR 3.130(1.3) (Diligence) for failing to appear in court regarding her custody case; (2) SCR 3.130(1.4)(a)(3) (Communication) for failing to communicate with Kincaid regarding the status of her case after failing to appear at the June 9, 2017 hearing; and (3) SCR 3.130(1.16)(d) (Declining or

4

terminating representation) for failing to refund his unearned fee and the sheriff's fee to Kincaid.[2]

Kenniston was served with the Commission's charges by mail on January 11, 2018 and January 22, 2018. Despite being served, Kenniston failed to answer the Commission's charges prior to the KBA's filing of the Motion for Suspension on February 13, 2018.[3] Due to Kenniston's failure to respond timely, the KBA requests that this Court indefinitely suspend Kenniston, under SCR 3.380(2). Having reviewed the KBA's motion, we agree that indefinite suspension is warranted.

For the foregoing reasons, it is hereby ORDERED:

1. Pursuant to SCR 3.380(2), Richard Graham Kenniston is hereby suspended indefinitely from the practice of law in the Commonwealth of Kentucky.

---

[2] Subsequently, the Office of Bar Counsel filed a motion to clarify its complaint against Kenniston to identify that the child that Kincaid sought custody of was her cousin not her grandchild as previously stated by Kenniston. Kenniston did not file a response to the Office of Bar Counsel's motion and an order amending the complaint was entered January 8, 2018.

[3] The Office of Bar Counsel has informed the Court that Kenniston tendered a one-page response in KBA File 17-DIS-0131 and a similarly brief response in KBA File 17-DIS-0289 on March 13, 2018. Kenniston tendered no response in KBA File 17-DIS-0054. On April 10, 2018, Kenniston moved for permission to file a late answer but failed to include a Certificate of Service (Kentucky Rules of Civil Procedure (CR) 5.03) or to comply with CR 76.34(3), which states that ten copies of motions and responses shall be filed as required and as the Court directs. On April 17, 2018, the Court granted the KBA's Motion to Supplement the Motion for Suspension, which stated that Kenniston's filings were untimely and did not comply with the Civil Rules. Because of Kenniston's failure to comply with the rules, his belated responses were not considered. However, in any event, the responses would not affect the outcome of this case.

2. As required by SCR 3.390, Kenniston will within ten (10) days after the issuance of this order of suspension notify, by letter duly placed with the United States Postal Service, all courts or other tribunals in which he has matters pending of his suspension. Further, he will inform, by mail, all of his clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Kenniston shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel. Kenniston shall immediately cancel any pending advertisements, to the extent possible, and shall terminate any advertising activity for the duration of the term of suspension.

3. As stated in SCR 3.390(a), this order shall take effect on the tenth (10th) day following its entry. Kenniston is instructed to take promptly all reasonable steps to protect the interests of his clients. He shall not during the term of suspension accept new clients or collect unearned fees and shall comply with the provisions of SCR 3.130-7.50(5).

All sitting. All concur.

ENTERED: June 14, 2018.

CHIEF JUSTICE