Pursuant to Supreme Court Rule (SCR) 3.165(l)(a) and (b), the Inquiry Commission petitions this Court to temporarily suspend Richard Graham Kenniston from the practice of law. Kenniston's KBA number is 90572 and his bar roster address is P.O. Box 848, Richmond, Kentucky, 40476. For the following reasons, we grant the Inquiry Commission's petition for temporary suspension.[1]
Kenniston filed a Chapter 13 Bankruptcy Petition for Shannon Denney (now Griffin) in the United States Bankruptcy Court for the Eastern District of Kentucky ("Bankruptcy Court") on September 30, 2015, and on January 6, 2016, her debtor's plan was confirmed.[2] Griffin gave Kenniston a check for $3,425.52 for her Chapter 13 payoff fee, and on October 31, 2017, Kenniston deposited the check into his Citizens Guaranty Bank account, "Richard G Kenniston (DBA) Law Office of Richard Kenniston."[3] At the same time, Kenniston also deposited a $250.00 check Griffin's *75 husband tendered as the payoff fee. On November 1, 2017, Kenniston withdrew $3,000.00 from the account and also deposited $2,700.00 in cash into his personal savings account with Park Community Credit Union. On November 2, 2017, Kenniston withdrew $2,700.00 from his savings account, leaving the account balance at $13.29. As a result, Kenniston did not have enough money in either account to cover Griffin's payoff check.[4]
Kenniston did not remit the funds provided by Griffin and her husband to the bankruptcy trustee for the payoff. On January 11, 2018, Chapter 13 Standing Trustee Beverly Burden filed a Motion for Sanctions and a Motion to Compel Kenniston to Turn Over the Payoff Funds. A week later, the Bankruptcy Court held a hearing on the motion. Kenniston did not file a response and did not appear. He was ordered to immediately turn over the Payoff Funds, file an affidavit of compliance, file an accounting of his receipt and disposition of the Payoff Funds, produce all records relating to the Payoff Funds, and disclose any compensation received from Griffin by the final hearing date scheduled for February 22, 2018.
Kenniston filed an affidavit as proof that he sent the Payoff Funds to the trustee on February 2, 2018, but did not provide any records or accounting for the funds. Kenniston waited until the afternoon of February 21, 2018, to file his response to the motion, which ignored the obligation to file a response at least three days before the hearing. Further, Kenniston did not file the motion for continuance until 9:31 p.m. on the night before the hearing.
On February 22, 2018, Kenniston appeared and admitted he deposited the Payoff Funds into his business account because he did not have an escrow account for client funds. He also admitted that he should have acted after receiving the Motion for Sanctions and his only explanation for his failure to act was embarrassment about the situation and overextension of his practice. He was granted a continuance until April 10, 2018, in order to obtain counsel and prepare a defense. However, on April 10 Kenniston failed to appear and did not have counsel appear on his behalf.
On April 12, 2018, the Bankruptcy Court suspended him from practice in the court and held him in contempt. In its order, the Bankruptcy Court found that Kenniston used the Payoff Funds for his own purposes and that he "intentionally misappropriated the Payoff Funds for his own use without just cause and against his client's instructions." The Bankruptcy Court also noted that Kenniston admitted the Payoff Funds were used for his own business and living expenses.
The Bankruptcy Court highlighted past procedural issues in Kenniston's cases. Kenniston represented Anthony Ball in a bankruptcy proceeding and in July 2017 the Bankruptcy Court issued an order stating numerous problems in the case that were easily attributable to Kenniston. Notably, Kenniston made six attempts at correcting and filing a Chapter 13 plan, but the plan was still deficient.[5] In an August 2017 order, Kenniston was placed *76 on probation for six months, ordered to work with the debtor to locate new counsel, and ordered to refund all legal fees in the case by delivering them to replacement counsel.
Despite the order, Kenniston filed a new Chapter 13 bankruptcy case for Ball on November 26, 2017. This case was also full of procedural deficiencies. Kenniston was ordered to show cause as to why additional sanctions were not required, and to prove he informed Ball of his obligations under the August 2017 order and that he had attempted to locate replacement counsel. Kenniston did not comply. Kenniston ultimately filed a response stating that he did not act properly and that sanctions were warranted. He was again ordered to find replacement counsel for all bankruptcy clients and suspended from practice in the Bankruptcy Court for six months. Kenniston did not comply with the order and even took money from Ball to file a second bankruptcy case despite being on probation.[6]
Based on the claims and documentation provided by the Inquiry Commission, we find probable cause exists to believe Kenniston misappropriated client funds and his conduct poses a substantial threat of harm to his clients or the public.
Therefore, it is hereby ORDERED that:
1. Richard Graham Kenniston is temporarily suspended from the practice of law in the Commonwealth of Kentucky, effective upon the date of entry of this Opinion and Order and pending further orders from this Court;
2. Pursuant to SCR 3.165(2), Kenniston is hereby restricted from dealing with client funds held in any bank account, including, but not limited to, his account with Citizens Guaranty Bank.
3. Pursuant to SCR 3.165(2), this Opinion and Order, when served on any bank maintaining any account upon which Kenniston may make withdrawals, shall serve as an injunction to prevent said bank from making further payments from such account or accounts on any obligation except in accordance with restrictions imposed by this Court, and shall direct such bank not to disclose (except to those entitled to withdraw from the account or accounts or to receive payment of such obligation, or upon the express written permission of at least one of such persons as to each such account or obligations) that such Order has been received or the contents thereof.
4. The Inquiry Commission is granted leave to move this Court to appoint a trustee to manage funds in any accounts held by Kenniston pursuant to SCR 3.165(2). Further, the Inquiry Commission is granted leave to move this Court to impose specific restrictions on any such account, pursuant to SCR 3.165(2).
/s/ John D. Minton Jr.
CHIEF JUSTICE
All sitting.
All concur.

This Court rendered an Opinion and Order on June 14, 2018, that indefinitely suspended Kenniston from the practice of law pursuant to SCR 3.380(2), which provides for suspension in cases where the attorney fails to respond to the KBA's charges. SCR 3.165(1)(a) specifically provides that an attorney may be temporarily suspended from the practice of law by court order if "[i]t appears that probable cause exists to believe that an attorney is or has been misappropriating funds the attorney holds for others to his/her own use or has been otherwise improperly dealing with said funds[.]" Further, SCR 3.165(2) states that
"[a]ny such order of temporary suspension may restrict the attorney in dealing with client funds and shall, when served on any bank maintaining any account upon which said attorney may make withdrawals, serve as an injunction to prevent said bank from making further payment from such account or accounts on any obligation except in accordance with restrictions imposed by the Court...."
Since the client representation at issue involves alleged misappropriation of funds and permits the Court to impose financial restrictions and obligations on both Kenniston and banks where he maintains accounts, suspension under this rule is in part different from Kenniston's indefinite suspension as of June 14, 2018.

Kenniston and his wife filed a Chapter 13 petition for bankruptcy on January 31, 2017, but the case was dismissed without confirmation of a plan on September 21, 2017, for failure to make plan payments. In re Richard and Felicite Kenniston, Case No. 17-50156. Kenniston and his wife filed a second Chapter 13 petition on November 21, 2017. The case was converted to a Chapter 7 bankruptcy on February 5, 2018, and was dismissed on February 22, 2018, for failure to pay any filing fee installment payments. In re Richard and Felicite Kenniston, Case No. 17-52283.

In addition to his business account, Kenniston also has a savings account at Park Community Credit Union in the name of "Richard G. Kenniston." During the Bankruptcy Court hearing on February 22, 2018, Kenniston acknowledged that these accounts are for business and personal use, respectively. He also admitted that he did not have an escrow account as required by the Kentucky Rules of Professional Conduct.

In her brief to the Bankruptcy Court, Griffin's bankruptcy trustee indicated that Kenniston traveled outside the country almost immediately after depositing and withdrawing the Payoff Funds. Kenniston disputed the allegation that the payoff funds were used to pay for his travel, stating that his mother paid for the trip.

The Bankruptcy Court outlined several other deficiencies with the case, including: (1) improper service; (2) failure to provide proper notice to parties; and (3) Kenniston's failure to appear at the hearing for his own motion to continue.

In the April 2012 contempt order in the Griffin matter the Bankruptcy Court noted that the United States Trustee filed motions for sanctions and to show cause in ten other cases involving Kenniston. The order also stated that there is an eleventh client alleging that Kenniston did not file a bankruptcy as promised. However, Kenniston has not had the opportunity to defend himself against the new allegations, so they were not considered for the contempt findings and sanctions in Griffin's bankruptcy case.