By unanimous vote of the Board of Governors, the Kentucky Bar Association recommends to this Court the permanent disbarment of Richard Graham Kenniston as a sanction for multiple violations of the disciplinary rules of this Court.[1] Kenniston has belatedly filed a Motion for Extension of Time to respond to the KBA's motion. And we deny Kenniston's motion. Finding Kenniston guilty of the charged violations, we further determine that the KBA's recommended sanction is appropriate, and we order Kenniston permanently disbarred from the practice of law in the Commonwealth.
I. BACKGROUND AND ANALYSIS.
A. Charges Against Kenniston.
1. KBA File 17-DIS-0054
On August 29, 2016, Bonnie Riddell retained Kenniston to represent her in a child-custody dispute, paying him a $ 1,500 retainer. After Kenniston failed to appear at a scheduled hearing, Riddell terminated their professional relationship. Riddell demanded Kenniston return the unearned portion of the retainer by January 24, 2017, then again by January 30, 2017, to which Kenniston agreed. But he never refunded any portion of it.
Kenniston was personally served with the Complaint arising out of the Riddell dispute on April 10, 2017. He responded to the Complaint on May 31, 2017, agreeing to refund Riddell the full amount of the retainer by June 30, 2017. The Inquiry Commission issued a Private Admonition with Conditions for violation of Supreme Court Rule ("SCR") 3.130 (1.16)(d).[2] As a condition of the Private Admonition, Kenniston was required to refund the $ 1,500 retainer within 60 days. But he reneged on this promise and did not return any portion of it.
On November 7, 2017, the Inquiry Commission issued a Charge against Kenniston for violations of SCR 3.130 (1.16)(d) and (3.4)(c).[3] He was served with the Charge *748 by certified mail on January 11, 2018, and he failed to file an Answer to the Charge.[4] On June 14, 2018, this Court indefinitely suspended Kenniston under SCR 3.380(2)[5] for failing to answer the Charge.[6]
2. KBA File 18-DIS-0019
On September 30, 2015, Kenniston filed a Chapter 13 bankruptcy petition on behalf of Shannon Griffin. One month later, Griffin wrote Kenniston a check for $ 3,425.52 to be used as the payoff amount in her bankruptcy case. Kenniston deposited the check into a Citizens Guaranty Bank account, a non-interest-bearing escrow account that he used for personal and business needs. Two days later, Kenniston withdrew $ 3,000 from that account and deposited $ 2,700 into his personal savings account with Park Community Credit Union. He then withdrew that sum the next day, using it to travel abroad. Kenniston did not remit the funds to pay off Griffin's Chapter 13 bankruptcy case.
On January 11, 2018, the bankruptcy trustee moved to compel Kenniston to turn over the funds, or alternatively, to sanction Kenniston. After a hearing, the bankruptcy court placed numerous conditions on Kenniston, with which he failed to comply. After a final hearing, that court found Kenniston in contempt and, among other sanctions, permanently disbarred him from practicing law in the U.S. Bankruptcy Court for the Eastern District of Kentucky. The bankruptcy court found that Kenniston "intentionally misappropriated the Payoff Funds for his own use without just cause and against his client's instructions." The bankruptcy court also found a "failure to comply, and timely comply, with court orders," noting Kenniston's behavior not just in this case but in past representation of other bankruptcy clients before that court. Finally, the bankruptcy court noted, "It is abundantly clear from this record that Kenniston willfully disobeys order[s] from this Court and willfully disregards his obligations to this Court and his clients. His excuses and promises of change lack honesty and candor."
The Inquiry Commission issued a Charge against Kenniston on May 8, 2018, asserting violation of SCR 3.130 (1.1),[7] (1.3),[8] (1.4)(a)(3),[9] (1.15)(a),[10] (3.3)(a)(1),[11] *749 (3.4)(c), (8.4)(b),[12] and (8.4)(c).[13] The Complaint was issued on February 5, 2018 and served on Kenniston via certified mail on March 2, 2018. The Disciplinary Clerk attempted to serve the Charge on Kenniston via certified mail on May 8, 2018, but service was returned as "Unclaimed." Service was completed by service upon the Director under SCR 3.035(2) on June 22, 2018. This Court temporarily suspended Kenniston from the practice of law on August 16, 2018, finding "probable cause exist[ed] to believe Kenniston misappropriated client funds and [that] his conduct poses a substantial threat of harm to his clients or the public."[14]
3. KBA File 18-DIS-0047
On July 13, 2017, Shannon Rosado retained Kenniston to represent her in an uncontested divorce, paying him $ 600. Two weeks later, Kenniston sent Rosado a draft of a divorce petition and a draft of a separation agreement with incorrect information and spelling errors, which Rosado corrected and returned to Kenniston.
Following Kenniston's claim that he was attempting to serve Rosado's husband by Sheriff, Kenniston ignored Rosado's phone calls, emails, or messages. Rosado emailed Kenniston's assistant and wife on September 9, 2017, and November 6, 2017, regarding the status of her case. But Rosado received no further communication from Kenniston or his office. Kenniston never filed Rosado's divorce petition. Rosado eventually hired new counsel.
Kenniston received the Complaint related to the Rosado matter on March 2, 2018, to which he filed a response. The Inquiry Commission then filed a Charge against Kenniston on May 8, 2018, asserting a violation of SCR 3.130 (1.3), (1.4)(a)(4),[15] and (1.16)(d). The Disciplinary Clerk attempted to serve the Charge on Kenniston via certified mail, but service was returned as "Unclaimed." Service was completed by service upon the Director on June 22, 2018. Kenniston never filed an answer to the Charge.
4. KBA File 18-DIS-0049
Mary Hocker retained Kenniston to represent her in a bankruptcy proceeding, paying him $ 650 to be used for the filing fee and Kenniston's attorney's fee. Kenniston failed to use any portion of the $ 650 to pay the required filing fee. Instead, without informing Hocker, Kenniston filed an application to pay the filing fee in installments, even though Hocker's instructions were to use a portion of the $ 650 to pay the required filing fee in full.
When Hocker's daughter contacted Kenniston to inquire about the status of the case, Kenniston falsely stated that he filed for an extension to complete the documentation. On November 13, 2017, Kenniston contacted Hocker and asked for an additional $ 350 to complete the filing. On December 18, 2017, Hocker's case was dismissed for failure to file the required documentation and the filing fees. Kenniston failed to notify Hocker of the dismissal but instead advised her that her creditors' meeting had been rescheduled. Hocker eventually learned that her home had been *750 referred to the Master Commissioner for judicial sale, which was moving forward because of the dismissal of her bankruptcy case.
The Inquiry Commission filed a Charge against Kenniston on May 8, 2018, asserting violations of SCR 3.130 (1.3), (1.4)(a)(3), (1.16)(d), and (8.4)(c). Kenniston was served with the Complaint via certified mail on March 2, 2018, and with the Charge via certified mail on July 26, 2018. Kenniston did not file an answer to the Charge.
5. KBA File 18-DIS-0064
On June 10, 2017, Robert and Alice Hendrickson retained Kenniston to assist them in filing for Chapter 13 bankruptcy, paying him $ 750. Kenniston never filed the bankruptcy petition, nor did he inform them of this failure or return the unearned fee.
Kenniston was served with the Complaint related to the Hendrickson matter via certified mail on March 7, 2018, but he never responded. The Inquiry Commission filed a Charge against Kenniston on May 8, 2018, asserting violations of SCR 3.130 (1.3), (1.4)(a)(3), (1.16)(d), and (8.1)(b),[16] with which Kenniston was served via certified mail on July 26, 2018, and to which he never responded.
6. KBA File 18-DIS-0088
On September 22, 2017, Chie Chie Worsham retained Kenniston to assist her in her Chapter 13 bankruptcy proceeding, paying Kenniston $ 1,000. Kenniston failed to return Worsham's messages, failed to inform Worsham of his suspension from practicing law in the U.S. Bankruptcy Court for the Eastern District of Kentucky, failed to file Worsham's bankruptcy petition, failed to return the unearned portion of the fee, and failed to contact new counsel to take over Worsham's case.
Kenniston was served with the Complaint related to the Worsham matter via certified mail on April 14, 2018, but he never responded. The Inquiry Commission filed a Charge against him on May 8, 2018, asserting violations of SCR 3.130 (1.3), (1.16)(d), (8.4)(c), and (8.1)(b), with which he was served via certified mail on June 20, 2018, and to which he did not respond.
7. KBA File 18-DIS-0102
On March 13, 2015, Jason Abney retained Kenniston to assist him in preventing the judicial sale of his property, paying him $ 2,500. On November 7, 2015, Abney also paid Kenniston $ 500 to file for guardianship of Abney's father. Abney also paid Kenniston a total of $ 1,580 to defend him in a civil lawsuit. Kenniston deposited all the checks into his personal account.
On April 5, 2018, Abney discovered that Kenniston failed to file a lien on his apartment building after Kenniston assured him that the lien had, in fact, been filed. Abney then discovered that Kenniston never performed any work on any of the cases for which Abney had hired Kenniston. Kenniston never returned the unearned portion of the fees provided to him by Abney.
Kenniston was served with the Complaint related to the Abney matter via certified mail on April 13, 2018, but he never responded. The Inquiry Commission issued a Charge against Kenniston on June 18, 2018, alleging violations of SCR 3.130 (1.3), (1.4)(a)(3), (1.15)(a), (1.16)(d), (8.4)(c), and (8.1)(b), with which he was served via certified mail on June 20, 2018, and to which he did not respond.
8. KBA File 18-DIS-0107 *751 In June of 2015, Glenda Gay Oliver retained Kenniston to represent her in two small-claims cases for unpaid rent, paying him $ 1,000. Kenniston moved the trial court for an appointment of a Warning Order Attorney, L.B. Lominac. Lominac filed his report, and the Court awarded him fees for each case, payable within twenty days.
On August 26, 2016, Lominac filed a Motion to Compel and for Contempt for failure to pay the fees. The motions were granted. After the fees remained unpaid, Lominac filed a second Motion to Compel, this time noticing Oliver on the motion. Oliver was not aware of the earlier proceedings until she received a copy of Lominac's motion.
Lominac contacted Oliver to demand from her payment of the fees and advised Oliver that he would ask the court to hold her in contempt. Oliver was unable to find Kenniston, who, unbeknownst to Oliver, had moved to withdraw from her cases. Kenniston never returned Oliver's file.
Kenniston was served with the Complaint related to this matter via certified mail on April 17, 2018, but he never responded. The Inquiry Commission issued a Charge against Kenniston on June 18, 2018, alleging violations of SCR 3.130 (1.3), (1.4)(a)(3), (1.4)(a)(4), (1.16)(d), and (8.1)(b), with which he was served via certified mail on June 20, 2018, and to which he did not respond.
B. Board of Governors Proceedings.
Kenniston failed to answer any of the above-described Charges, and they proceeded before the Board of Governors by default. The Board unanimously found Kenniston guilty of each alleged violation and recommended permanent disbarment.
C. Kenniston's Motion for Extension of Time.
On May 23, 2019, Kenniston filed a motion for an extension of time to file a Notice of Review to respond to the Board of Governors' findings.[17] As the KBA points out, Kenniston's Notice of Review was due on March 31.
Kentucky Rule of Civil Procedure ("CR") 6.02 allows this Court to extend a deadline for response based on "excusable neglect." Black's Law Dictionary defines "excusable neglect" to mean, "A failure-which the law will excuse-to take some proper step at the proper time (esp. in neglecting to answer a lawsuit) not because of the party's own carelessness, inattention, or willful disregard of the court's process, but because of some unexpected or unavoidable hindrance or accident or because of reliance on the care and vigilance of the party's counsel or on a promise made by the adverse party."[18]
Kenniston argues that he "has a meritorious defense against the charges," but does not offer any form of "excusable neglect" as to why he failed to file a timely Notice of Review. Kenniston claims that he suffers from a psychological, mental, or emotional condition for which he now takes medicine and seeks the assistance of a therapist. But, he does not offer that explanation as a basis for excusable neglect but rather as a defense to the charges against him. And even if Kenniston did offer that explanation as a basis for excusable neglect, he has not articulated how his *752 purported condition caused him to fail to file a timely Notice of Review. Kenniston offers an additional explanation for his actions giving rise to the various charges against him-the pressure of running a law office by himself caused him to spiral out of control, "causing heightened anxiety, depression and decisional paralysis." Again though, this is not an explanation for his untimely filing but rather an attempt to defend himself against his charges. Simply put, Kenniston does not explain why he did not comply with the mandatory Notice of Review filing date.
As such, we DENY Kenniston's Motion for Extension of Time.
D. Recommendation and Disposition.
In addition to pointing to Kenniston's unprofessional conduct in the eight separate complaints and charges filed against him, the KBA outlines several aggravating factors warranting permanent disbarment. Specifically, the KBA notes that Kenniston was previously indefinitely suspended by this Court under SCR 3.380(2) on June 14, 2018 and temporarily suspended by this Court on August 16, 2018 for his behavior in the bankruptcy court. The KBA also notes Kenniston's "dishonest or selfish motive; pattern of misconduct; multiple offenses; [and] bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency." The KBA stresses that in many of the cases involving Kenniston, Kenniston was dealing with vulnerable victims. He took his clients' money, spent it himself, and never returned a single penny. Finally, Kenniston hindered the attorney-disciplinary process by failing to participate meaningfully in the disciplinary process, failing to respond in most instances to any of the complaints or charges issued against him.
We see no reason in the record to disagree with the KBA's recommendation of guilt and sanction. The conduct exhibited by Kenniston is analogous to the conduct exhibited by the attorneys that this Court permanently disbarred in Kentucky Bar Association v. Nathanial Pendleton ,[19] Kentucky Bar Association v. John D.T. Brady ,[20] and Kentucky Bar Association v. Daniel Alan Niehaus .[21]
As in those cases, Kenniston has exhibited a pattern of failing to meet the most basic requirements of the Rules of Professional Conduct: failing to keep his clients informed of their cases; failing to respond to his clients' inquiries about their cases; not only failing to make proper use of client monies entrusted to him, but actually, in some cases, using the clients' money himself; failing to return unearned portions of fees paid to him; and failing to file pleadings and represent his clients in court, leading to, in some cases, dismissal of the client's case.
At least eight of Kenniston's clients have been negatively affected by Kenniston's misconduct. Specifically, Kenniston's misconduct almost led to the loss of the client's home. When the bankruptcy court suspended Kenniston from the practice of law in that court, the court noted several other clients negatively affected by Kenniston's representation that are not the subject of this case. Our own records reveal two other clients negatively affected by Kenniston's representation.[22] Apart from *753 the effect of Kenniston's actions on his clients, Kenniston has also exhibited a pattern of ignoring and disobeying orders from multiple courts.
What may be Kenniston's greatest failure is his apparent lack of remorse for the damage he has inflicted on his clients and the profession. Kenniston has been glaringly absent from these disciplinary proceedings, and when he has appeared, he has offered baseless excuses.
As we stated in Brady, one of the justifications for permanent disbarment is protection of the public and the legal profession in general.[23] Permanent disbarment is necessary to prevent further damage inflicted by Kenniston on the public and the legal profession. We accept the KBA's recommendation that Kenniston be permanently disbarred from the practice of law in the Commonwealth.
Accordingly, this Court ORDERS that:
1. Kenniston's Motion for Extension of Time is DENIED.
2. Richard Graham Kenniston, KBA Number 90572, Bar Roster Address P.O. Box 848, Richmond, Kentucky 40476, is adjudged guilty of the above-described violations of the Rules of Professional Conduct.
3. Kenniston is permanently disbarred from the practice of law in this Commonwealth;
4. Kenniston, in accordance with SCR 3.390, must notify all courts in which he has matters pending and all clients for whom he is actively involved in litigation and similar matters of his inability to continue representation;
5. Kenniston must immediately cancel and cease any advertising activities in accordance with SCR 3.390 ;
6. In accordance with SCR 3.450, Kenniston must pay all costs associated with these disciplinary proceedings in the amount of $ 2,018.91, for which execution may issue from this Court upon finality of this Order.
/s/ John D. Minton, Jr.
CHIEF JUSTICE
All sitting. All concur.

Kenniston was admitted to practice law in Kentucky on August 25, 2006. His KBA Member Number is 90572. His Bar Roster Address is P.O. Box 848, Richmond, KY 40476.

"Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred."

"A lawyer shall not ... knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."

It appears that on April 10, 2018, Kenniston attempted to tender an answer to the Charge, but failed to comply with the Kentucky Rules of Civil Procedure ("CR") in so doing. This Court allowed Kenniston ten days to fix his defective pleading, but he never did.

"In cases in which the Respondent has failed to answer a charge filed pursuant to Rule 3.200, ... the Court may in its discretion ... suspend the Respondent from the practice of law for an indefinite period of time."

Kentucky Bar Association v. Kenniston, 547 S.W.3d 520, 522 (Ky. 2018).

"A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation."

"A lawyer shall act with reasonable diligence and promptness in representing the client."

"A lawyer shall ... keep the client reasonably informed about the status of the matter."

"A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from a lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the consent of the client, third person, or both in the event of a claim by each to the property."

"A lawyer shall not knowingly ... make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."

"It is professional misconduct for a lawyer to ... commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

"It is professional misconduct for a lawyer to ... engage in conduct involving dishonesty, fraud, deceit, or misrepresentation."

Inquiry Commission v. Kenniston, 552 S.W.3d 73, 76 (Ky. 2018).

"A lawyer shall ... promptly comply with reasonable requests for information."

"[A] lawyer ... in connection with a disciplinary matter[ ] shall not ... knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority."

See SCR 3.370(7) ("Within thirty (30) days after the Board's decision is filed with the Disciplinary Clerk, ... the Respondent may file with the Court a Notice for the Court to review the Board's decision stating reasons for review, accompanied by a brief, ... supporting his/her position on the merits of the case.").

Excusable Neglect, Black's Law Dictionary (10th ed. 2014).

452 S.W.3d 607 (Ky. 2015).

493 S.W.3d 360 (Ky. 2016).

547 S.W.3d 523 (Ky. 2018).

See Kentucky Bar Association v. Kenniston, 547 S.W.3d 520, 521-22 (Ky. 2018).

Brady, 493 S.W.3d at 369.